## JACKSON SCHOOL TOWNSHIP *v.* HADLEY ET AL.

TOWNSHIP.—*Indebtedness Incurred for Common Schools.*—*Pleading.*—*Presumption.*—Complaint against a school township, on a certificate executed by the township trustee, which acknowledged the receipt of a certain number of "Webster's Dictionaries," and promised to pay a certain sum therefor.

*Held*, on demurrer, that it will be presumed that the purchase was for the benefit of the school township.

SAME.—*Evidence.*—Such certificate, being sufficient to bind the defendant, is admissible in evidence under a sufficient complaint.

From the Huntington Circuit Court.

*H. B. Sayler* and *J. B. Kenner*, for appellant.

*G. W. Spahr*, for appellees.

NIBLACK, J.—The complaint in this case was as follows:

"Hiram Hadley, Seth Hadley and Thomas Kane, plaintiffs, complain of Jackson School Township, of Huntington county, Indiana, Samuel H. Grim, trustee, defendant, and say that said defendant, by her trustee, Michael Minnich, on the 1st day of July, 1872, promised to pay Thomas Kane the sum of one hundred and twenty dollars for ten Webster's Dictionaries, and, as evidence of said debt, said trustee executed his certificate in writing, of which the following is a copy:

'"$120. STATE OF INDIANA, } '"COUNTY OF HUNTINGTON. }

'"TREASURER'S OFFICE, JACKSON TOWNSHIP, } '"July 5th, 1872. }

'"This is to certify that there is due from this township to Thomas Kane, or bearer, one hundred and twenty

dollars, for ten Webster's Dictionaries, and payable on or before the 20th day of June, 1875, with six per cent. interest from date of March 1st, 1873, waiving valuation and appraisement laws, and at 10 per cent. on the amount after date until paid.

"'Payable at county treasurer's office, or at First National Bank, at Huntington.

"' MICHAEL MINNICH,

"' Trustee of Jackson Township.

"'P. O. address, Roanoke.'

"That said certificate was indorsed to these plaintiffs by the payee thereof, by the writing and signing of 'Thomas Kane' on the back of said order; that said debt is now due and wholly unpaid. Wherefore plaintiffs ask judgment for two hundred dollars, and all proper relief."

A demurrer to the complaint, raising the question of the sufficiency of the facts alleged, was overruled, and there was a trial by the court, a finding for the plaintiffs, and, disregarding a motion for a new trial, a judgment on the finding.

Errors are assigned upon the overruling of the demurrer to the complaint, and upon the refusal of the court to grant a new trial in the cause.

Webster's Dictionary is a book in common use in the schools of the State, and as the certificate of indebtedness purports to have been given for ten Webster's Dictionaries, we think the fair presumption is, that the dictionaries were purchased for the use of the school township, and not of the civil township. With that construction of the instrument sued on, and upon the authority of the cases of *Jackson Township* v. *Barnes*, 55 Ind. 136, and *Sheffield School Township* v. *Andress*, 56 Ind. 157, we must hold the complaint to have been sufficient on demurrer.

It is insisted, that, on the trial, the certificate of indebtedness, set out in the complaint, was improperly admitted

in evidence against the appellant, and that, for that reason, a new trial ought to have been granted.

According to the view we have taken of the sufficiency of the complaint, we are necessarily led to the conclusion that the certificate referred to was properly admitted in evidence; and that no error was committed in overruling the motion for a new trial.

The judgment is affirmed, at the costs of the appellant.