Moral School Township *v.* Harrison *et al.*

---

No. 7600.

### MORAL SCHOOL TOWNSHIP *v.* HARRISON ET AL.

PROMISSORY NOTE.—*School Township.*— *Complaint.*—A complaint upon. a note of a township, averring that it was executed for an indebtedness against the school township, and showing that the articles for which it was given were "dissected maps of the United States," makes it sufficiently apparent that it was the intention of the parties to bind the school, and not the civil, township.

Moral School Township v. Harrison et al.

PLEADING.—Answer.—Demurrer.—Harmless Error.—Where all the evidence which might be given in support of paragraphs of answer is admissible under other paragraphs, demurrers are not improperly sustained to them.

CONSIGNMENT.—Railroad.—Delivery at Station.—Where maps had been purchased by a township trustee, their delivery at the railroad station, with notice to him, after the time agreed, vested their ownership in the school township, subject only to his right to refuse to receive them, for sufficient reason, and relieved the railroad company of any further obligation to the consignor.

RESCISSION OF CONTRACT.—Township Trustee.—Notice.—Where a trustee who has executed a note in the name of his school township, in advance of the delivery of maps purchased, desires to rescind the contract, on account of delay in performance, it is incumbent on him to notify the consignors of such intention, to return the maps, or do some other act disaffirming the contract.

From the Shelby Circuit Court.

O. J. Glessner and E. S. Stilwell, for appellant.

N. B. Berryman and B. F. Love, for appellees.

NIBLACK, J.—The complaint in this case averred, that on the 14th day of February, 1873, Joshua S. Deermin was the duly qualified and acting trustee of Moral school township, in Shelby county, and that, as an evidence of an existing indebtedness against, and for the purpose of binding, said township, the said Deermin, as such trustee, executed and delivered to the Higgins Bentwood School Furniture Company the promissory note of said township, as follows:

"STATE OF INDIANA, COUNTY OF SHELBY:

"TREASURER'S OFFICE, MORAL TOWNSHIP,
"$185.00.                    February 14th, 1873.

"This is to certify that there is due from this township to Higgins Bentwood School Furniture Co. one hundred and eighty-five dollars for 10 sets Higgins Dissected Maps of U. S., and payable on or before the 13th day of June, 1874, with interest at the rate of ten per cent. per annum, from Sept. 1st, 1873. Payable at First National Bank at Shelbyville, Ind.                  JOSHUA S. DEERMIN,

"Trustee of Moral Township."

Moral School Township *v.* Harrison *et al.*

That before maturity, to wit, on the 15th day of February, 1873, said Higgins Bentwood School Furniture Company, by an endorsement in writing, assigned said note to the plaintiffs, Alfred Harrison and John C. S. Harrison, which note remaining unpaid, judgment was demanded against the township.

A demurrer to the complaint, for want of sufficient facts, was overruled. The defendant answered:

1. In general denial.

2. That it was not indebted to the payee in any sum, and that hence Deermin had no authority to execute the note.

3. That the note was given without any consideration whatever.

4. That the note was executed without any consideration, of which the plaintiffs had notice at the time they purchased the same and took the assignment thereof.

5. That the note was not executed for any article or commodity necessary for educational purposes in the township, and was for that reason void.

6. That the maps for which the note was given were not necessary for educational purposes, and that consequently the township could not be required to pay for said maps.

7. That the note was executed in consideration of an agreement in writing, entered into by the payee, agreeing to deliver the sets of maps named in the note, at Brookfield station, in this State, at some time during the summer or fall of 1873; that said maps were never received by the township; of all which facts the plaintiffs had notice when they purchased the note.

8. That the note had been fraudulently transferred to the plaintiffs, for the purpose of cheating and defrauding the defendant, and that the payee of the note was still the owner thereof.

Demurrers were sustained to the second, fifth and sixth

paragraphs of the answer, and overruled as to the third, fourth, seventh and eighth paragraphs.

At the trial the plaintiffs obtained a verdict and judgment against the defendant for the amount of the note, with the interest which had accrued.

Error is assigned upon the overruling of the demurrer to the complaint, upon the sustaining of the demurrer to the second, fifth and sixth paragraphs of the answer, and upon the refusal of the court to grant a new trial.

It is claimed that the facts averred in the complaint made out a demand against Moral township as a civil, but not as a school organization, and that, upon that ground, the demurrer to the complaint ought to have been sustained.

The averment, however, that the note was executed for an indebtedness against the school township, taken in connection with the articles for which it purported to have been given, makes it sufficiently apparent that it was the intention of the parties to the note to bind the school, and not the civil township. *Carmichael* v. *Lawrence*, 47 Ind. 554 ; *Jackson School Township* v. *Hadley*, 59 Ind. 534.

The second, fifth and sixth paragraphs of the answer were all addressed to the consideration of the note, and each constituted an argumentative affirmation that the note was given without any good or valuable consideration. All the evidence, therefore, which might have been given in support of those paragraphs, was admissible under the third and fourth paragraphs of the answer. Under these circumstances the appellant was not substantially injured by the ruling of the court upon any one of the paragraphs of the answer to which a demurrer was sustained, conceding the abstract sufficiency of those paragraphs upon demurrer.

It was made to appear upon the trial, that sets of maps, similar to those mentioned in the note reached Brookfield station, three or four hundred yards from where Deermin resided, on or about the 16th day of December, 1873 ; that

a week or two afterwards the railroad agent at that station informed Deermin, who was still township trustee, that the maps were at the depot for him, which was the first notice that Deermin had received that the maps had been shipped to him; that soon afterwards Deermin went to the depot and looked at the boxes containing the maps, but refused to receive the maps, or to pay freight upon them, telling the agent that the maps had not come according to contract, and that he, the agent, could do as he pleased with them; that the maps had continued to remain at the depot, in unopened boxes, until the time of the trial. It was further made to appear that the Higgins Bentwood School Furniture Company had agreed to deliver the maps during the summer or fall of 1873.

The court, upon its own motion, gave the jury the following instruction : "It is insisted by defendant's counsel that, by the terms of the contract, the maps were to be delivered at Brookfield in the summer or fall of 1873, and, the plaintiff's assignors not having delivered the maps within the time specified in the contract, the collection of the note can not be enforced. If the maps were shipped to Brookfield by plaintiff's assignors on the 17th day of December, 1873, and Mr. Deermin, the then acting trustee of the township, afterwards had notice of the fact that the maps had been consigned to him as such trustee, and had arrived at Brookfield station, and, in pursuance of such notice, he examined such maps in the depot, after notice of their arrival from the railroad agent, and had no other reason for not receiving them than the reason that they had not been shipped in time, then it was the duty of Mr. Deermin to notify the consignors that the maps were held subject to their order, return the maps to them, or do some act disaffirming the contract, or the defendant is liable, notwithstanding the maps were not shipped in the summer or fall of 1873."

The defendant excepted to the giving of this instruction, and asked the court to instruct the jury that if Deermin received no other notice of the shipment of the maps, or of their arrival at Brookfield station, than the notification of the railroad agent, and that if Deermin, at the time, or within a reasonable time thereafter, notified the railroad agent that he would not accept the maps, and that the railroad company must look to the shippers for their freight charges, that was sufficient notice to the Higgins Bentwood School Furniture Company of the refusal of the defendant to accept the maps, and of the rescission of the contract with the furniture company, but the court refused to so instruct the jury.

The appellant contends that the court erred, both in instructing and refusing to instruct the jury, as above set forth, upon the ground that, under the circumstances as disclosed by the evidence, the railroad agent became, also, the agent of the furniture company for the delivery of the maps to Deermin, and that consequently notice to the railroad agent of the non-acceptance of the maps was notice to the furniture company ; but we are unable to agree to the construction of the evidence thus contended for by the appellant. The delivery of the maps at Brookfield station vested their ownership in the school township, subject only to the right of Deermin as the trustee to refuse to receive them, on account of the delay in their delivery, or for some other sufficient reason, and relieved the railroad company of any further obligation to the plaintiff, arising out of the shipment of the maps. The duties which devolved upon the railroad agent concerning the maps were only such as his obligation to the railroad company required him to perform. Those duties did not make him, in any sense, the representative of the furniture company in any matter connected with the acceptance or non-acceptance of the maps by the appellant. We consequently see no substantial objection to the instruc-

·tion given by the court, and no error in the refusal of the court to give the instruction asked for by the appellant.

Deermin having executed the note of the school township, in advance of the delivery of the maps, it was incumbent on him to give notice to the furniture company, if he desired to rescind his contract with them on account of their delay in the performance of the contract on their part.

The authorities mainly relied on by the appellant have reference to contracts by which goods are to be paid for on delivery, or to agreements which are wholly executory, and not cases like this, in which the contract of sale has been in part executed.

The judgment is affirmed, with costs.