No. 8526.

## ARMSTRONG, ADM'R, *v.* KIRKPATRICK ET AL.

PROMISSORY NOTE.—*Maker.—Signature.—Principal and Agent.—Corporation.*— The directors of the Howard County Agricultural Association gave a note in which were the words " on," etc., " The Howard County Agricultural Association, who execute this note by her directors, do promise to pay," etc. Signed by T. M. K., A. L. S. " Secretary," and others, followed by the words " Directors Howard County Agricultural Association."
*Held,* in an action thereon, that the note was that of the association and not of the individuals whose names are signed thereto.

From the Howard Circuit Court.

*C. N. Pollard* and *J. E. Kirk,* for appellant.

*J. O'Brien* and *M. Garrigus,* for appellees.

WOODS, J.—Action upon the following instrument:

" $3,264.   On the first day of September next after date,. The Howard County Agricultural Association, who execute this note by her directors, and the other obligors, whose names are hereto attached as sureties, do promise to pay David Foster at the First National Bank of Kokomo, Indiana, the sum of three thousand two hundred and sixty-four dollars, without any relief whatever from the valuation or appraisement

laws of the State of Indiana, and ten per cent. interest from date until paid.   Kokomo, Indiana, November 1st, 1877.

[Signed]                    "T. M. KIRKPATRICK.
                           "A. L. SHARP, Secretary.
                           "SAMUEL F. BUTCHER,"
                           (and ten others),
"Directors Howard County Agricultural Association.
                 ——— ————————, Sureties."

The complaint was in two paragraphs, the first against the Howard County Agricultural Association, as the makers of the note, and the second against the individuals whose names are signed as directors, alleging that they made the note.

The court sustained a demurrer to the second paragraph, and gave the plaintiff judgment upon the first paragraph for the full amount of the note.

The appellant insists that upon its face the instrument is the note of the individuals whose names are signed to it, and not of the agricultural association, and hence that the demurrer to the second paragraph should have been overruled and that to the first paragraph sustained, if either; and, in support of this view, cites from *Hayes* v. *Matthews*, 63 Ind. 412, the proposition, " that, in order to bind the principal and make it his contract, the instrument must purport on its face to be the contract of the principal, and his name must be inserted in it and signed to it, and not merely the name of the agent, even though the latter be described as agent in the instrument."

If this were an accurate statement of the rule, the decision of the circuit court could be upheld by it, because the name of the agricultural association appears in the body of the instrument and at the place of signature, and besides it is expressly stated in the body of the writing that the association executes the note, thus putting beyond doubt or cavil what was the intention of the parties in this respect.

But it is not an universal or general rule, that the name of the maker must be both inserted in and signed to the instru-

ment. *Means* v. *Swormstedt,* 32 Ind. 87; *Gaff* v. *Theis,* 33 Ind. 307; *Pease* v. *Welborn,* 42 Ind. 331; *Jackson School Tp.* v. *Hadley,* 59 Ind. 534; *School Town of Monticello* v. *Kendall,* 72 Ind. 91; *Moral School Tp.* v. *Harrison,* 74 Ind. 93; *Carpenter* v. *Farnsworth,* 106 Mass. 561; Bigelow Bills & Notes, pp. 46 and 47; 1 Daniel Neg. Inst., sections 298–308; 1 Parsons Notes & Bills, pp. 91–99; Story Prom. Notes, sections 65–70.

Judgment affirmed, with costs.