No. 10,720.

## CONLEY v. DIBBER.

PLEADING.—*Practice.*—*Harmless Error.*—Where a demurrer is erroneously overruled to an answer, and the complaint is thereafter amended, such ruling is thereby rendered harmless.

VENDOR AND VENDEE.—*Encumbrance.*—*School Fund Mortgage.*—*Release by County Auditor.*—The auditor of the county has no authority to release

a school mortgage unless the money is paid, and where a party is enti-
tled by his contract to an unincumbered title, he is not compelled to ac-
cept a conveyance 'of land thus encumbered, though the auditor has
released the mortgage of record.

ASSIGNMENT OF ERROR.—*Pleading.*—*Estoppel.*—Where the court errone-
ously sustains a demurrer to the reply to a single paragraph of the an-
swer, and the defendant thereafter offers to withdraw such paragraph,.
but the court, at the instance of the plaintiff, refuses to allow such with-
drawal, the plaintiff will not thereafter be allowed to assign error upon
such ruling.

From the Ohio Circuit Court.

*A. C. Downey*, for appellant.

*J. B. Coles*, for appellee.

BEST, C.—This action was brought by the appellant against
the appellee for the specific performance of a contract.

The complaint averred that the appellant had sold and the
appellee had bought of appellant, on the 28th day of May,.
1868, ninety-seven acres of land, at the price of $30 per acre ;.
that the appellee took possession of said land in pursuance of
said contract, and afterwards the appellant conveyed a portion
of said land to the appellee, for which he at the time paid him ;.
that both parties then supposed that said deed embraced all
the land so sold, but that afterwards it was discovered that a.
portion of the land so sold was omitted from said conveyance,.
and that the purchase-money of the omitted portion has not
been paid ; that immediately thereafter the appellant tendered
a' sufficient deed for the entire premises, and demanded pay-
ment for the omitted portion, which, with the interest thereon,.
amounts to $40, but that the appellee refused to make the
payment.    Wherefore, etc.

A demurrer to the complaint was overruled, and an answer
of five paragraphs was filed.    A demurrer was sustained to
the second and overruled to the remaining paragraphs of the
answer, to which each party reserved exceptions.    Thereafter
the appellant amended his complaint, and the appellee re-filed
his answer.    The record does not so state, but the second an-
swer appears to be a copy of the first.    After this the appel-

lant demurred to the third paragraph of the answer. This demurrer was overruled, and a reply was filed to this paragraph of the answer, to which a demurrer was sustained. A reply of two paragraphs, and a demurrer to the second paragraph of the reply, were filed before the answer was filed to the complaint as amended, and thereafter the demurrer was sustained to the second paragraph of the reply. A cross complaint, answer, and reply thereto were also filed. When the cause upon the issues thus formed was reached for trial, the appellee dismissed his cross complaint, and asked leave to withdraw the third paragraph of his answer, but upon the appellant's objection, this leave was refused, and appellant declining to offer any evidence, judgment was rendered against him.

The errors assigned in this court are these:

1st. That the court erred in overruling the demurrer to the first, second and third paragraphs of the answer;

2d. That the court erred in sustaining the demurrer to the second paragraph of the reply; and,

3d. That the court erred in sustaining the demurrer to the reply to the third paragraph of the answer.

The first assignment of error calls in question the ruling of the court upon the demurrer to the several paragraphs of the answer before the complaint was amended and before the answer was re-filed. The appellee insists that these rulings are rendered wholly unimportant by the subsequent amendment of the pleadings, and we agree with him in this conclusion. The fact that the appellant deemed it necessary to amend his complaint would seem to be a concession that it was insufficient, and, if so, the ruling upon the demurrer was proper. However this may be, the amendment of the complaint entirely superseded this ruling and rendered it harmless. Buskirk Prac., p. 89, and authorities cited.

The second assignment calls in question the ruling upon the demurrer to the second paragraph of the reply. This reply was filed before the last answer was filed, and it is doubt-

ful, in this condition of the record, whether the ruling presents any question, but inasmuch as the ruling was made after the answer was filed, we will treat it as a reply to the answer. The first paragraph of the answer to which this reply was directed averred that the appellant had agreed to convey the land in question by an unincumbered title, and that he did not do so, nor was he able to do so, for the reason that the land was at the time, and still is, encumbered by a mortgage of $300, executed to the State for school funds. The reply was that the auditor of the county had agreed to release this land, and in pursuance of the agreement had released all embraced in the first conveyance, and since the commencement of the suit had released the portion in question, and had dated the release as of the date of the former release. This reply the appellee insists was not sufficient, for the reason that it was not averred that said mortgage had been paid, and without payment the auditor had no authority to release the mortgage. This position we think well taken, and for this reason the reply was insufficient. A release of the mortgage without payment would not remove the encumbrance, and, under the contract as averred, the appellee was not compelled to accept the conveyance and pay the purchase-money while the land remained encumbered. There was, therefore, no error in this ruling.

The third assignment calls in question the ruling upon the demurrer to the reply to the third paragraph of the answer. This paragraph the appellee, after the issues were formed, offered to withdraw, and this was prevented by the objection of the appellant. Under these circumstances, he will not be heard to say that an error was committed against him by sustaining a demurrer to his reply. If such error was committed, it would have been corrected by a withdrawal of the paragraph, and as that was not done because of the appellant's objection, the cause will not be reversed to accomplish such purpose. For these reasons we think there is no available error in the record, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Nov. 24, 1883.