The Board of Commissioners of Greene County *v.* Axtell.

Filed June 25, 1884.

---

No. 11,285.

THE BOARD OF COMMISSIONERS OF GREENE COUNTY *v.* AXTELL.

COUNTY SUPERINTENDENT.—*Schools.*—*Office Rent.*—*County Not Liable for.*— The county commissioners are not required to furnish the county superintendent with an office, nor, if such duty rested upon them, would they be liable to him, in the absence of a contract, for the use of his own office as such superintendent.

From the Greene Circuit Court.

*L. Shaw* and *J. S. Bays*, for appellant.

*S. O. Pickens, S. W. Axtell* and —. *Moffett*, for appellee.

BEST, C.—The appellee filed a claim against the appellant for the use of an office for the county superintendent.

The second paragraph of the appellant's answer averred, in substance, that the appellee was the county superintendent and in the discharge of his duties he used his own office; that this was done without any contract whatever with the appellant, and that the claim filed was for the use of such office under such circumstances. A demurrer to this paragraph was sustained, and this ruling is assigned as error.

This paragraph constituted, as it seems to us, a complete defence to the action. No statute requires the commissioners of the county to furnish the superintendent with an office, and in the absence of such statute the county can not be required to furnish such office or to pay the superintendent for the use of his own office. The only statute requiring the commissioners to furnish offices is section 5748, R. S. 1881, and this section does not require them to furnish the county superintendent with one. It only requires offices to be furnished the clerk, recorder, treasurer and auditor. No such provision is made in behalf of the superintendent, and, in the absence of such provision, the commissioners are not required to furnish him an office. This conclusion is strengthened by the fact that the Legislature deemed it necessary to make such provision for the officers above named. Again, if such duty rested upon the commissioners, this action can not be maintained. In the absence of a contract, the county is not bound for the use of the appellee's office. He can not treat the use of his property by himself as an acceptance of such use by the county, and out of such use no assumpsit arises. No kind of contract can be made by a single contracting party. No one can sell for himself and at the same time buy for another. All such transactions are void. In the absence of a contract, the county was a stranger to the transaction, and was not liable to the appellee for the use he made of his property.

The demurrer to this paragraph was, therefore, improperly sustained, and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, that the above judgment be reversed, at appellee's costs, with instructions to overrule the demurrer to the second paragraph of answer.

