The State, *ex rel.* Kendall, Auditor, *v.* Greene *et al.*

state the evidence he expects to elicit, or else he can not have the ruling reviewed in this court.

Petition overruled.

Filed May 14, 1885.

<hr>

## No. 11,521.

## The State, ex rel. Kendall, Auditor, *v.* Greene et al.

SCHOOL FUND.—*Loan to County Auditor.—Mortgage, Foreclosure of.*—The auditor of a county executed a mortgage on his land to the State to secure the repayment of money which he borrowed from the school fund in the custody of said county. Afterwards his successor in office entered upon the margin of the record where said mortgage was recorded a statement that said mortgage, by a decision of the Supreme Court of this State, was held to be invalid, "said court holding that a county auditor can not give a mortgage to the State for school funds while acting in that capacity, and the mortgagor," naming him, " having been county auditor when the mortgage was made, the amount of this mortgage was, by direction of the board of county commissioners of" said county, " refunded to the school fund February 29th, 1882." This entry was attested by the signature of the auditor who made it. Afterwards the treasurer of said county, with the approval of the county commissioners, transferred to said school fund from the revenues of the county the full amount of said loan. Afterwards said mortgage and the note which it secured were surrendered to one then the owner of the land, not the mortgagor, and he to whom such surrender was made afterwards sold and conveyed the land to another, who, without notice of these facts, purchased for full value. In a suit against this purchaser by the State, on the relation of a succeeding auditor of said county, to foreclose said mortgage,

*Held,* that a county auditor can not lawfully both lend and borrow from the school fund, and that said loan was made and said mortgage was executed without authority of law.

*Held,* also, that such want of authority constituted no defence for the mortgagor or any other person to the foreclosure of the mortgage.

*Held,* also, that the mortgage remained a subsisting security for the loan against said vendee for value and without notice, notwithstanding the reimbursement of the school fund out of the county revenues, and said entry on the margin of the record, and said surrender of the mortgage without endorsement of satisfaction thereon, and without satisfaction of record.

The State, *ex rel.* Kendall, Auditor, *v.* Greene *et al.* .

From the Hendricks Circuit Court.

*F. T. Hord,* Attorney General, *J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.

*L. M. Campbell,* for appellees.

BEST, C.—On the 21st day of January, 1874, William M. Hess and wife executed a mortgage to the State of Indiana to secure the loan of $750 of school funds, and this action was brought to foreclose such mortgage against the appellees as subsequent purchasers.

An answer of three paragraphs was filed. The first was the general denial, and this paragraph was subsequently withdrawn. The second averred, in substance, that said Hess was the acting county auditor of Hendricks county at the time he executed such mortgage, and that the only consideration for the execution of the same was the money he drew from the school fund upon his own warrant issued thereon in violation of law.

The third averred, in substance, the same facts as the second, and in addition thereto alleged that thereafter William H. Nichols, the then acting auditor of said county, entered upon the margin of the record where said mortgage was recorded the following statement: "This mortgage, by a decision of the Supreme Court of the State of Indiana, is held to be invalid, said court holding that a county auditor can not give a mortgage to the State for school funds, while acting in that capacity, and the mortgagor, William M. Hess, having been county auditor when the mortgage was made, the amount of this mortgage was, by direction of the board of county commissioners of Hendricks county, Indiana, refunded to the school fund February 29, 1882.

"Attest:        WILLIAM H. NICHOLS, Auditor H. C." That thereafter, and before the appellees acquired title to said premises, the treasurer of said county, with the approval of the county commissioners, transferred to said school fund, from the revenues of the county, the full amount of said loan .

and the interest thereon, all of which was approved by the State; that thereafter the note and mortgage made by said Hess were surrendered to one Homan, who then owned said land, and afterward these appellees, without any notice of the facts, purchased said land of said Homan for full value, and received from him a deed of conveyance therefor; that had they not believed that said school fund was fully reimbursed and said mortgage satisfied, they would not have purchased said land, etc.

A demurrer to each paragraph was overruled, and the appellant declining to reply, final judgment was rendered for the appellees. The ruling upon the demurrer is assigned as error.

The facts averred in the second paragraph of the answer show that the loan was made and the mortgage executed without authority of law. There is, it is true, no express prohibition against making such loan, but the duty to loan the money and accept the security rests upon the auditor, and this duty necessarily precludes him from borrowing the money. He can not rightfully loan for the State and borrow for himself. Such a transaction is wholly unauthorized. *Ware* v. *State, ex rel.,* 74 Ind. 181; *Board, etc.,* v. *Axtell,* 96 Ind. 384.

The fact, however, that the auditor had no authority to make such loan constitutes no defence to the foreclosure of the mortgage. The money was obtained and the security given, and if the State chooses to accept the mortgage, the mortgagor can not exonerate himself from his liability to repay the money, nor shield his land from the lien thus created to secure it, by asserting his want of authority to make it. He is bound by his mortgage. The State, however, is not bound. It may repudiate the entire transaction and at once bring an action to recover the money thus misappropriated, as was held in *Ware* v. *State, ex rel., supra,* but if it elects to accept the mortgage, as has been done in this case, the want of authority in the mortgagor to make it constitutes no defence on behalf of himself or of any other person. This is

so plain and just, and the principle upon which it rests is so well supported by our own cases, as to forbid further discussion. *Deming* v. *State, ex rel.,* 23 Ind. 416 ; *Scotten* v. *State, ex rel.,* 51 Ind. 52.

The additional facts alleged in the third paragraph of the answer, in our opinion, constituted no defence to the action. The statement of the auditor, entered upon the margin of the record, did not purport to be a satisfaction of the mortgage. It simply stated that this court had decided that such mortgage was void, and that the school fund had been reimbursed from the county revenues. This statement did not purport to show an extinguishment of the mortgage. The mere reimbursement of the school fund from the county revenues neither pays the debt nor impairs the security. The law requires the county to keep the school fund intact whenever default is made in the payment of such loans. The discharge of this duty, however, does not impair the security taken. This remains and may be enforced precisely as though the fund had not been reimbursed. Nor does the reimbursement of the fund operate as an equitable assignment of the mortgage. The mere transfer of money from one fund to another, both held by the same person, can not possibly thus operate. An assignment, legal or equitable, presupposes two parties, and a party can not be subrogated to his own rights nor to a security the legal title of which is in himself. The school fund, by the Constitution, is entrusted to the county, and by law it has the control of its revenues. The former its auditor loans and collects, and whenever default is made in payment it becomes its duty to reimburse the fund and collect the loan. This may be done by advertisement and sale or by judicial decree after as well as before reimbursement of the fund. This fact is wholly immaterial. The same remedies exist for the collection of the loan, the same party is entitled to the money, and as the mortgagor has no personal concern with its disposition after collection, the mere

fact that the school fund has been reimbursed from the county revenues neither affects the State's right, upon the relation of the auditor, to foreclose the mortgage, nor does it constitute any defence to the action.

As the reimbursement of the fund did not extinguish the mortgage, the same remains a subsisting security for the payment of the loan, notwithstanding the fact that it was surrendered by the auditor. This he had no authority to do without payment. *Conley* v. *Dibber*, 91 Ind. 413.

The statement of the auditor that this court held that such mortgages are void is a mere statement as to the law, a statement that he had no right to enter upon the record and one upon which the appellees had no right to rely. They were bound to know the law. If, however, such statement is construed as a declaration that this mortgage had been held void, then the appellees should have relied upon the judgment as an estoppel, and not upon the auditor's statement. The auditor had no authority to make it, and the State is not bound by it.

Aside from this the statute requires the auditor, when he surrenders a mortgage as paid, to endorse thereon satisfaction, and thereupon the recorder is required to enter satisfaction of record. With this mortgage in possession, without such endorsement upon it, and without such satisfaction of record, it would seem that the appellees had most abundant evidence of its non-payment, and under these circumstances no estoppel can arise against the State.

For these reasons we think that neither paragraph constituted any defence to the action, and for the error in overruling the demurrer the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at the appellees' costs, with instructions to sustain the demurrer to each paragraph of the answer.

Filed Nov. 19, 1884.

The State, *ex rel.* Kendall, Auditor, *v.* Greene *et al.*

ON PETITION FOR A REHEARING.

NIBLACK, J.—In the case of *State, ex rel.,* v. *Levi,* 99 Ind. 77, which was decided since the opinion in this case was announced, it was held that a loan of the common school fund made by a county auditor to himself was a breach of his official bond, for which an action might be immediately prosecuted, but that a mortgage executed by the auditor to secure such a loan is not void, but voidable only, at the option of those having a supervisory control of such fund; that such a mortgage may, both as to the auditor and those claiming under him, be resorted to and enforced as a means of reimbursing the school fund, looking only to the auditor and his sureties for any deficiency which may remain after the mortgaged land has been exhausted. The conclusion thus reached may now be regarded as the accepted law of this State on the subject to which it relates.

As each county is held liable for the preservation of so much of the common school fund as is, or may have been, entrusted to its care (R. S. 1881, section 4326), it follows that every county occupies the relation of a surety to the State for the skill and good faith of its officers who stand charged with the management and control of its share of that fund. When, therefore, a county reimburses the common school fund on account of some loss, or supposed loss, resulting from the mismanagement of some one or more of its officers, it does so as a surety for the preservation of the fund, and becomes thereby subrogated to all the securities held by, or in the name of, the State as an indemnity against such loss. Whether, therefore, the county reimbursed the school fund in this case was quite immaterial as a defence, since, in any event, the county is entitled to have the mortgage foreclosed in the name of the State, on the relation of its auditor, and to have the proceeds applied to the reimbursement of the proper fund under its control.

The petition for a rehearing is overruled.

Filed May 15, 1885.