Honey Creek School Township v. Barnes et al.

Filed May 29, 1889.

No. 13,636.

HONEY CREEK SCHOOL TOWNSHIP v. BARNES ET AL.

TOWNSHIP TRUSTEE.—*Common Schools.*—*Power to Purchase Books.*—A township trustee has no authority, either under section 4444, R. S. 1881, or under any other law of this State, to purchase, at the expense of the township, text-books for the use of the pupils attending the public schools of the township. *Jackson School Township* v. *Hadley*, 59 Ind. 534, distinguished.

SAME.—*Complaint Against Township.*—*Sufficiency of.*—A complaint against a township to recover for books alleged to have been purchased by the trustee and used in the schools of the township, is bad unless it shows that the books were such as the trustee had power to buy.

SAME.—*Notice of Trustee's Powers.*—School townships are corporations with limited statutory powers, and all who deal with a trustee of such a

township are charged with notice of the scope of his authority, and that he can bind his township only by such contracts as are authorized by law.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellant.

*J. F. Elliott* and *L. J. Kirkpatrick,* for appellees.

OLDS, J.—This action is brought by the appellees against the appellant. The complaint is in one paragraph, and alleges that, on the 1st day of February, 1884, one Benjamin King, at that time the legal and acting school trustee of said school township, bought of the plaintiffs books for the use of the schools of said township, that said books were received and used by the schools of said township, and that the same were necessary for such township in its schools, at and for the price of $56.25; that, upon said date, said trustee, as such, executed to the plaintiffs, in the firm name and style of A. S. Barnes & Co., his written obligation to pay the same out of the special school fund of said township on or before the 20th day of January, 1885, with eight per cent. interest from the maturity thereof, a copy of which is filed with the complaint, marked exhibit "A," and made a part of the same. It is further averred that George W. Kemp was elected trustee, as the successor of King, and refused to pay the amount. The order executed by the trustee, King, and made a part of the complaint, is as follows:

"Feb. 1st, 1884. This is to certify that there is due from this township to A. S. Barnes & Co., or order, fifty-six and $\frac{25}{100}$ dollars for books bought for schools of this township, payable out of the special school funds of the township, on or before the 20th day of January, 1885, with interest at eight per cent. per annum from maturity.

"HONEY CREEK SCHOOL TOWNSHIP, HOWARD COUNTY, INDIANA.

"Per BENJAMIN KING, Township School Trustee."

Appellant filed a demurrer to the complaint, which was overruled and the ruling assigned as error.

The question presented is as to whether a township school trustee has authority to purchase school books and bind the school township for the payment of the same.

It is contended by counsel for appellee that section 4444, R. S. 1881, authorizes a township trustee to purchase necessary school books for the schools of his township. So much of said section as is material in the consideration of this case is as follows:

" The trustees shall take charge of the educational affairs of their respective townships, towns, and cities. They shall employ teachers; establish and locate, conveniently, a sufficient number of schools for the education of the white children therein; and build, or otherwise provide, suitable houses, furniture, apparatus, and other articles and educational appliances necessary for the thorough organization and efficient management of said schools."

It is further contended by counsel that such authority is fully established by an unbroken line of decisions of this court. We have examined the decisions cited by counsel, and others bearing upon the authority vested in trustees, and there is but one decision that tends to uphold the right of the trustee to purchase books, and we think there is a clear distinction between the decision in that case and the question presented in this. In the case of *Jackson School Township* v. *Hadley*, 59 Ind. 534, the indebtedness was for ten Webster's dictionaries. The decision in that case was based upon the the cases of *Jackson Township* v. *Barnes*, 55 Ind. 136, and *Sheffield School Township* v. *Andress*, 56 Ind. 157. The indebtedness in the case of *Jackson Township* v. *Barnes, supra*, was for "Monteith's Maps," and in the case of *Sheffield School Township* v. *Andress, supra*, the order was given for work done on a school building. So far as authority for purchasing books of any character, the case of *Jackson School Township* v. *Hadley, supra*, stands alone. In

our opinion it is going to the very border line to construe this section of the statute as authorizing the purchase of maps, charts, tellurians and other like articles and apparatus, and dictionaries and books of reference; but there are greater reasons for placing such construction upon this section than to construe it to authorize the purchase of such books as there is sought to be a recovery for in this action. Blackboards, charts, maps, tellurians and dictionaries are a class of articles, apparatus and books which are not required for each individual scholar, but one of each would be sufficient, in most instances, for the whole school, and could be used by the teacher in giving instructions to the pupils. No person being required to furnish such common property for the benefit of the whole school, they can only be supplied by the trustees. The authority, certainly, can not be extended to the right of purchasing general text-books for the use of each of the individual pupils.

The complaint, in this case, alleges the purchase of books for the use of the schools, and the order is for books for schools of the township. It having been held by this court, in the case of *Jackson School Township* v. *Hadley, supra,* that the trustee has the right to purchase dictionaries for the use of the schools, the sufficiency of the complaint depends upon whether it is necessary to allege, specifically, that the purchase was of such books as the trustee had the right to purchase, or whether it will be presumed from the allegations of the complaint that they were such books as the trustee had the right to purchase. The authority of trustees being limited, and they having a right to make only such contracts and purchases as they are empowered by law to make, the complaint should affirmatively show the purchase and contract to have been one which the trustee was, by law, authorized to make. The complaint is not good, and the demurrer should have been sustained.

The uncontroverted evidence in the case shows the books purchased to be seventy-five copies of Monteith's Popular

Science Readers; that they were used by the pupils in their reading exercises, as contended by counsel, " to give the pupils a change in reading exercises, to draw out new thoughts, and an additional incentive to new exertion." The same could be said of any new readers or text-books purchased by the trustee and put in use in the schools; they would produce a change, and stimulate the mind and divert the line of thought from the subjects in the old books; but it must be admitted, and it is too plain to require argument to demonstrate the proposition, that if the trustee has the authority to purchase this class of books, he may purchase any other readers, spelling-books, or any other class of text-books; that he may supply all the text-books used in the schools of his township at the expense of his school township. This may be the proper system for our State to adopt—that is not for us here to determine—but the trustees can not pursue such a course and bind the school township without some further legislation on the subject. Such authority is not given by section 4444, R. S. 1881. Some genius may have constructed the language of that section with a view to developing a latent meaning and interpretation to that effect after the passage of the act, but such meaning, if it can be gathered from the words used, is so far distant, and so thoroughly secreted beneath the well understood meaning of the language used, that we are satisfied the Legislature never understood it to give authority to trustees to purchase for the use of schools the general text-books used by the individual pupils, and never intended that such authority should be granted by said section.

School townships are corporations with limited statutory powers, and all who deal with a trustee of a school township are charged with notice of the scope of his authority, and that he can bind his township only by such contracts as are authorized by law. *Reeve School Tp.* v. *Dodson,* 98 Ind. 497; *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464; *Axt* v. *Jackson School Tp.,* 90 Ind. 101; *Bloomington School Tp.* v.

*National School Furn. Co.,* 107 Ind. 43. The fact that the books were received by the trustee, and used under his direction, creates no liability. It follows that the finding of the court was not sustained by the evidence and was contrary to law, and the motion for a new trial should have been sustained.

Judgment reversed, at the costs of appellees, with directions to the court below to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

