No. 17,651.

THE STATE, EX REL. EAGY, TRUSTEE, ETC., *v.* MILLS ET AL.

TOWNSHIP TRUSTEE.—*Liability of Township for Office Rent.*—*Township of Less than 25,000 Inhabitants.*—A township trustee has no power, under section 8083, R. S. 1894 (section 6008, R. S. 1881), requiring trustees of townships of less than 25,000 inhabitants to set apart for the transaction of the township business such days of the week or month as such business might require, to bind the township for the rent of an office in which to conduct such business.

From the Randolph Circuit Court.

*J. A. Shockney* and *T. Shockney,* for appellant.

*E. L. Watson* and *S. A. Canada,* for appellees.

HACKNEY, J.—This proceeding was by the appellant to require, by the writ of mandamus, that the appellees, the Board of Commissioners of Randolph county, approve and allow the report of the relator, as trustee of Wayne township, in said county, in which report he presented vouchers and asked allowances for moneys paid as and for rentals for an office in which to conduct the business of said township. There are some technical questions as to the sufficiency of the petition and of

the appellant's right, if the claims are valid, to maintain the proceeding, but our conclusion upon the prime question, the validity of the claims, renders it unnecessary for us to pass upon such questions. That there should be a discretion lodged somewhere to permit township trustees to rent office rooms and to make their trust funds liable therefor, seems to us important. Many of the trustees in this State have large populations over which to exercise the duties of their offices, and some are occupied constantly in the discharge of those duties. Others have small populations and their duties occupy but a small fraction of their time. That all should incur the expense of an office room is as unreasonable as that some should be without such room. Hence we say that a discretion should be permitted in the matter. That it should be permitted does not establish its existence, and its existence is the all important question upon the issue before us. It is not claimed by counsel that an express authority exists to incur a liability for any such purpose, but that it exists by implication, is claimed from the nature of the duties of the office and the fact that the Legislature has seen fit to compensate trustees with a *per diem* of but two dollars for each day necessarily employed. This compensation, it is said, does not justify an expenditure by the trustees for office rentals. Any rule on the subject must be general, so far as the right may exist by implication, and to say that every trustee has business enough to justify the renting of an office is unreasonable. Nor can we find the implication from any distinction within the class who are paid a *per diem*, between those of much and those of little business, which authorizes even those having the most business to incur, on behalf of their trust, an indebtedness for such purpose. If we may imply a legislative intention on the

subject, from the enactments concerning the duties and salary of the office, it must be that it was intended that if an office room became necessary it should be paid for from the salary. Trustees are now classified so that those in townships whose population is more than one hundred thousand shall receive twenty-five hundred dollars as an annual salary for all services. R. S. 1894, section 8084. Those in townships whose population is over seventy-five thousand receive eighteen hundred dollars per annum, and those in townships having over twenty-five thousand and less than seventy-five thousand population receive not less than one thousand dollars nor more than fifteen hundred dollars. Such trustees are required to keep their offices open each day in the year, excepting Sundays, etc. R. S. 1894, section 8085. The townships not included within these special provisions are paid a *per diem*, as we have shown.

This classification suggests the intention of the Legislature to select from the whole number those whose population and business, within the judgment of the Legislature, justify the maintaining of office rooms and to provide a salary sufficient to enable them to pay rentals. Whether it was intended to require that office rentals should be paid from salaries by these special classes, is not necessary for us to decide, but we must conclude that the discretion necessary to a classification, as we have shown, has not been intrusted to another, but to some extent at least has been exercised by the Legislature itself. The distinction made by the Legislature in this classification requires that those of the special classes shall, as we have shown, keep their *offices* open every week-day, etc., while those within the *per diem* class are neither required nor expected to give attention to the duties of the office every week-day, but are required to set apart such days

of the week or month as the business of their townships may require, R. S. 1894, section 8083.

Whether, by implication, from the phrase "shall keep their *office* open," as employed with reference to the special classes of trustees, we could say that they are required to maintain an office room, and whether such maintenance is chargeable to their trusts, is not before us, but, as to the *per diem* class, there is no such expression in the statutes.

It is not our privilege to supply omissions of the Legislature, if there has been an omission to provide for offices for trustees, nor are we at liberty to create or delegate the power to trustees to make expenditures not expressly, or by necessary implication, granted by the Legislature, however much we should deem the expenditures just and reasonable. That there is no authority to the *per diem* class of trustees to incur an indebtedness on behalf of their trusts for office rentals, we have no doubt, and that it requires such authority from the Legislature, has been already decided in an analogous case. See *Board, etc.*, v. *Axtell*, 96 Ind. 384. In that case it was held that in the absence of a statute requiring it, the county superintendent was not entitled to maintain an office at public expense. The exact question now before us has been considered by us in the case of *Kerlin* v. *Reynolds*, 142 Ind. 460, and the conclusion was there reached that office rentals and other office expenses were not proper charges. It follows from what we have said, that the circuit court did not err in sustaining the appellees' demurrer to the complaint and alternative writ.

The judgment is therefore affirmed.

MONKS, J., took no part in the decision of this cause.

Filed November 22, 1895.