STATE, EX REL. SHULER, TRUSTEE, *v.* BOARD OF COMMISSIONERS OF FOUNTAIN COUNTY.

[No. 17,999. Filed March 11, 1897.]

TOWNSHIP.—*Powers Of.*—Townships, civil and school, are corporations with such powers only as are expressly given by statute, or are necessarily implied. *p. 235.*

SAME.—*Authority of Trustee.*—The acts of a township trustee create no binding obligation against the civil or school township unless they are authorized by law, and all who deal with him must at their peril ascertain the extent of his authority. *p. 236.*

SAME.—*Expenses.*—*Livery Hire.*—A township trustee has no authority to bind his township for the hire of a conveyance used by him in attending to his official duties. *pp. 236–238.*

From the Fountain Circuit Court. *Affirmed.*

*Lucas Nebeker* and *D. W. Simms*, for appellant.

*A. H. Lindley*, for appellee.

MONKS, J.—The relator brought this proceeding to compel, by writ of mandate, appellee to allow him $72.00 for livery hire for which he claimed credit in his report as township trustee and which the appellee had refused to approve. The court sustained a demurrer to the alternative writ, and the relator refusing to plead further, judgment was rendered in favor of appellee. The action of the court in sustaining said demurrer is the only error assigned.

Townships, civil and school, in this State are corporations with such powers only as are expressly given by statute or are necessarily implied. *Wallis* v. *Johnson School Tp.*, 75 Ind. 368; *Union School Tp.* v.

*First Nat'l Bank*, 102 Ind. 464, 476; *Axt* v. *Jackson School Tp.*, 90 Ind. 101.

The school and civil township are of very limited powers and the law declared in this State concerning the powers of school townships applies with equal force to civil townships. The authority of the trustee is purely statutory. His acts create no binding obligation against the civil or school township unless they are authorized by law, and all who deal with him must at their peril ascertain the extent of his authority. *Honey Creek School Tp.* v. *Barnes*, 119 Ind. 213, 217; *Union School Tp.* v. *First Nat'l Bank, supra;* *Reeve School Tp.* v. *Dodson*, 98 Ind. 497; *Axt* v. *Jackson School Tp., supra;* *City of Laporte* v. *Gamewell,* etc., *Co.*, 146 Ind. 466.

In *Kerlin* v. *Reynolds*, 142 Ind. 460, it was held by this court that a township trustee has no authority to bind or charge his township with rent for an office or the expense of light or fuel therefor.

In *State, ex rel.*, v. *Mills*, 142 Ind. 569, this court held that township trustees could not bind their townships for the rent of an office in which to transact the township business. These questions were so decided upon the ground that the statute does not expressly or by necessary implication require the townships to provide offices for township trustees and that, therefore, the trustees had no power to expend township funds for office rent, lights or fuel, or to be reimbursed out of the township fund therefor, and that the board of commissioners had no power to allow a trustee credit in his report for money so expended.

We know of no statute requiring a township to furnish its trustee with a horse and buggy or other conveyance to travel over his township attending to township business, or that authorizes the trustee to pay the expense thereof out of the township fund. If he has

authority to hire a conveyance for such purpose, he would have authority to be reimbursed for railroad fare expended for the same purpose. If such power exists in the trustees, then upon principle the members of the boards of commissioners would be entitled to be reimbursed out of the county funds for their traveling expenses in going to and returning from the meetings of said board, a doctrine for which no one would contend. In respect to livery hire and traveling expenses, the members of the boards of commissioners and the township trustees are governed by the same rule.

The law declared in the two cases cited, rule this case and as appellant has not pointed out any statute authorizing a township trustee to bind the township for livery hire or to expend the township funds for that purpose, and we know of none, we must hold that no such authority exists.

It is urged by appellant that said expense of livery hire may have been incurred in removing paupers to the county asylum of the poor, under the provisions of section 8170, Burns' R. S. 1894 (6094, R. S. 1881), or for the burial of a pauper, under section 8165, Burns' R. S. 1894 (6089, R. S. 1881), and that, therefore, the court erred in overruling the demurrer to the alternative writ. If the $72.00 for which credit was claimed by relator in his report, or any part thereof, was for such expense it should have been so stated in the affidavit and alternative writ. This would have presented the question whether such expense was payable out of the township funds, but as it is not alleged in the affidavit and alternative writ that said expense, or any part thereof, was incurred under either or both of said sections, the demurrer to the alternative writ does not present the question.

The allegation that the expenditure of $72.00 for

livery hire was "reasonable, suitable, useful and neces-
sary for the wants of the township" does not show
that the same or any part thereof was expended under
either or all of said sections. 8165 (6089), 8170 (6094),
*supra.*

It follows that the court did not err in sustaining
the demurrer to the alternative writ.

Judgment affirmed.