## SLATTERY v. SCHOOL CITY OF SOUTH BEND ET AL.

[No. 6,284. Filed January 8, 1909.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 59.

2. SCHOOLS.—*Buildings.*—*Contracts.*—*Permission of Council.*—*Statutes.*—Under §6497 Burns 1908, Acts 1903, p. 417, §7, authorizing the board of school trustees in any city having a population of over 30,000 and less than 36,500, with the consent of the common council, to enter into any contract for the erection of a school building, there can be no recovery on a contract, made without the consent of the common council, which involved more than a mere change in the original plans, and which was entered into with one other than the original contractor. p. 62.

3. Schools.—*Contracts.—Officers.—Powers of.—Limitations.—Notice.*—All persons are conclusively presumed to take notice of the statutory limitations on the authority of school boards to enter into contracts for the construction of school buildings.   p. 63.

From St. Joseph Circuit Court; *Walter A. Funk*, Judge.

Action by William J. Slattery, as surviving partner of the firm of Edward Slattery & Son, against the School City of South Bend and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Miller Guy, C. E. Pattee* and *Talbot & Talbot*, for appellant.

*George R. Fish, Thaddeus M. Talcott, Jr.*, and *D. D. Bates*, for appellees.

Comstock, P. J.—Appellant, as the surviving member of the firm of Edward Slattery & Son, sought to recover damages for the breach of a contract alleged to have been entered into on May 7, 1904, between said firm and the board of trustees of the school city of South Bend, Indiana.

Separate and joint demurrers for want of facts were sustained to each of the four paragraphs of the second amended complaint; and, appellant refusing to plead further, judgment was rendered against him in favor of appellees for costs. This action of the court is assigned as error. The ruling as to the separate demurrers of the appellees John B. Stoll, Fred P. Eastman and Francis M. Jackson, trustees, is not discussed, and the question is therefore waived.

Each paragraph presents several questions, one of which is: "Was it necessary to obtain the consent of the common council prior to the execution of the contract sued on?" If this question is answered in the affirmative, it disposes of the case, and the judgment must be affirmed.

The first paragraph of complaint, so far as it is necessary for the consideration of the question stated, alleges, in substance, that on March 24, 1902, the school city of South Bend, by its board of trustees, filed its petition with the com-

mon council of the city of South Bend, Indiana, praying permission to erect a grammar school building and boiler house; that on said date a resolution was duly passed by said common council authorizing the school city to erect said buildings; that said petition set out, among other things, that "there is immediate and pressing necessity for said building," and estimated the probable cost at $80,000; that afterward, on May 26, 1902, said board asked for an amendment to the original permit, increasing the estimate of probable cost to $90,000; that both petitions were granted and a contract for the construction of said buildings was ratified by said council; that afterwards, while said structures were in the process of construction, and before the completion of the same, the board of trustees discovered certain defects in the plans of said buildings and in the materials used in the building of certain parts thereof; that certain trusses did not have sufficient support; that said trustees deemed it necessary to make certain changes and alterations in said building; that said changes and alterations were necessary for the safe and proper construction of said building; that on May 6, 1904, Edward Slattery and this plaintiff were partners doing business under the firm name of Edward Slattery & Son; that the plaintiff is the sole surviving member of said firm; that on May 6, 1904, the defendants entered into a written agreement with said partnership, whereby the latter undertook and agreed to shore the walls and replace the foundation wall and footings, etc., in said school building, and defendants agreed to pay said Edward Slattery & Son, for the services, labor and material furnished in completing said contract, the sum of $14,400; that said Edward Slattery & Son executed a good and sufficient bond in the sum of $25,000 to the school city of South Bend, Indiana, as required by said contract, and did keep and perform all the conditions on their part, and proceeded, under the direction and with the knowledge of said defendant trustees, to do the work and furnish the materials; that

said plaintiff was put to an expense of $800 in preparing for said contract; that on June 11, 1904, the board of trustees of said school city wholly repudiated said contract with said Edward Slattery & Son, and notified them to abandon all work under their said contract, and passed a resolution designed to rescind and cancel their said contract, which resolution is in the words and figures following, to wit, etc.; that neither said Edward Slattery & Son nor this plaintiff has ever in any manner consented to the rescission, cancelation or repudiation of said contract; that said defendant school city of South Bend had money and funds on hands sufficient to pay the amounts contracted for with said Edward Slattery & Son, and by reason thereof did not create an aggregate indebtedness on account of school buildings in excess of $200,000, as provided by an act of the General Assembly of the State of Indiana, approved March 10, 1903; that the plaintiffs are damaged in the sum of $12,000.

The second paragraph alleges substantially the same as the first, except that there is no direct allegation that the work is necessary, nor that there are funds sufficient to pay for said services and material.

The third paragraph, in addition to the allegations as set out in the first paragraph, sets out with more particularity the defects, changes and alterations necessary to the proper and safe construction of said building; that said contract of defendant school city with one Christman for the construction of said buildings authorized said defendant to make changes and alterations in the plans of said buildings while in process of construction, and to discharge any contractor or architect, or both; that said provisions were in writing duly ratified and consented to by the common council of said city of South Bend, Indiana; that said board of trustees had called for and received bids for said work from competent contractors, and that the bid of Edward Slattery & Son was found to be the lowest received for said work.

The fourth paragraph of complaint alleges substantially

the same as the first paragraph, and in addition alleges, with more particularity, the execution of the contract, the erection and construction of the building, setting out the facts showing the necessity for the changes and alterations deemed necessary, that the building was still uncompleted, and that all of such changes and alterations were requisite and essential to the proper and safe completion of said building.

There is no averment in the complaint that the contract with Christman had been canceled or nullified at the time of the contract with appellant. It will therefore be presumed that, while the contract was in effect with Christman, with the right and authority in the board to authorize any changes which it might see fit in the construction of the building to be made by him, the board on May 7, 1904, entered into a contract with Edward Slattery & Son "to shore said walls, replace the foundation walls and footings, and place two new steel columns to carry trusses" in said building, for the sum of $14,400, without attempting to have any of said changes made by said Christman under the terms of his contract, and without obtaining the permission of the common council to enter into said contract.

Section 6497 Burns 1908, Acts 1903, p. 417, §7, provides: "Such board of school trustees in any such school city may with the consent of the common council of such city purchase such land as it may deem necessary for school purposes, and, with the consent of the common council of such city, may erect thereon such building or buildings as it may deem necessary for the adequate use of such school city, including common school, high school, grammar school, and manual training school buildings."

The statute makes the consent of the common council a condition precedent before entering into any contract for the erection of a building. The contract entered into by appellant was an entirely independent and separate contract from that under which the building was being con-

structed, and to which the council had given its consent.   It involved more than a mere change in the plan of the building originally contracted for.   It is not a mere provision for extra work in the way of minor details by the contractor, but a new contract for the construction of an important part of the building, and by a contractor who had no interest in the original contract for construction.   The purpose of the statute is to give the common council knowledge of any contract for the expenditure of public funds.   Its object is to secure careful scrutiny, for the purpose of avoiding extravagant, if not fraudulent contracts affecting the public interest.   It is significant that for a breach of a contract stipulating for the payment of $14,400 to the contractor for the work, appellant claims damages in the amount of $12,000.

It is beside the question that the trustees of the school city are the exclusive judges of the necessity of building.

Persons contracting with the board of school trustees must recognize the fact that its powers are limited by law.   Other defects are pointed out, but for the failure to obtain

3.  the consent of the common council to enter into the contract in suit, if for no other reason, the demurrer to each paragraph of complaint was correctly sustained.   As pertinent to the question here involved we cite: §6497 Burns 1908, Acts 1903, p. 417, §7; *Oppenheimer v. Greencastle School Tp.* (1905), 164 Ind. 99; *Lincoln School Tp.* v. *American School Furniture Co.* (1903), 31 Ind. App. 405; *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637; *Honey Creek School Tp.* v. *Barnes* (1889), 119 Ind. 213; *Bloomington School Tp.* v. *National School Furnishing Co.* (1886), 107 Ind. 43; *State, ex rel.*, v. *Board, etc.* (1897), 147 Ind. 235; 20 Am. and Eng. Ency. Law (2d ed.), 1162; 1 Smith, Mun. Corp., §726, p. 711, §739, p. 729; *Advisory Board, etc.*, v. *Levandowsky* (1909), *post*, 224.

Judgment affirmed.