KENT ET AL. *v.* STATE EX REL. CLINGAN ET AL.
[No. 26,149. Filed March 14, 1935.]

*Paul E. Laymon,* for appellants.

*William Robison,* and *Thomas M. Ryan,* for appellees.

ROLL, J.—This is an action in mandate, instituted by the State of Indiana ex rel. Ellsworth Clingan, against Claude Donnell, trustee of Johnson School Township and James V. Kent, Lorenzo Orr, and Homer Snyder, as members of the advisory board of said township, to compel the said trustee and the said advisory board to award a contract to a bus driver and to enter into a contract with such bus driver to haul and transport relator's child to school, under §1245, Burns Ann. St. 1926, §3-2202, Burns Ann. St. 1933, §1091, Baldwin's 1934.

The complaint below was in one paragraph. The trustee filed answer in two paragraphs, the first was a general denial, and the second an affirmative answer. The advisory board filed two answers, the first was a general denial, and the second an affirmative answer. The affirmative answers were replied to by a general denial. Upon the issues thus formed the cause was submitted to the court for trial. The facts were stipulated by the parties, and the court made and entered a finding in favor of appellee relator and entered the following judgment and order.

"It is therefore, considered, ordered, adjudged and decreed by the court that the defendant, Claude Donnell, Trustee of Johnson School Township, Clinton County, Indiana, be, and he is hereby ordered, directed, empowered and mandated by the

court to enter into a contract for a bus driver to be selected by him to drive Route Number Two in said Township, as described and laid out in the specification therefore in the office of the Township Trustee, and that the members of said Advisory Board, and said Advisory Board be, and they are hereby authorized and directed, empowered and mandated to approve said contract.

"The Court further adjudges that there is a vacancy in said position for the employment of a school bus driver for said route and that said employment shall be for the remainder of the school year 1931 and 1932.

"The court further adjudges and so mandates said Trustee to enter into said contract and said Advisory Board to approve the same at a rate of pay for such driver not to exceed Four Dollars per day.

"It is further ordered by the court that such bus driver shall be a resident of the said Township and shall be otherwise qualified by law to accept said employment."

Appellants filed a motion for a new trial which was overruled and this action of the court is the only error assigned for reversal in this court. Appellant assigns as reasons for a new trial; (1) the decision and finding of the court is not sustained by sufficient evidence, and (2) the decision and finding of the court is contrary to law.

The material facts of this case, as disclosed by the evidence, are as follows. Appellee Ellsworth Clingan was a resident taxpayer of Johnson School Township, Clinton county, Indiana, and the father of Glorianna Clingan, a child 6½ years of age, which child was entitled to school privileges in said township; that appellee relator resided about 4 miles from a grade school located in said township and was a patron of said school and that relator's child was entitled to be transported to and from said school. That Claude Donnell was the duly elected and acting trustee of said township, and that appellants were the duly elected and qualified mem-

bers of the advisory board of said township. That prior to July 21, 1931, the trustee gave notice that on said date bids would be received for school bus drivers for six school bus routes for said township. (See Ch. 59, Acts 1931, p. 144.) The trustee and the members of the advisory board did meet at the office of the trustee on the night of July 21, and the bids that were received were then and there opened. On motion the meeting was adjourned until the next evening when they met to consider the bids. It appears that the trustee had only advertised in one paper, and the statute required that he advertise in two newspapers and for that reason the trustee concluded that no action should be taken. He then readvertised for bids to be received on August 4, 1931. That the trustee and the advisory board met, pursuant to notice, on August 4, 1931, and the following list of bids were received and opened for route No. 2.

| | |
|---|---|
| Albert Huffer | $4.00 per day |
| Raymond A. Donnell | $4.25 per day |
| L. L. Tolle | $3.85 per day |
| Faye Huffer | $4.00 per day |
| Gaylord Huffer | $4.00 per day |
| Claud Stewart | $4.95 per day |

The bids of L. L. Tolle and Claud Stewart were rejected by the advisory board and the trustee concurred therein. The advisory board then adopted a motion that the contract for route No. 2, be awarded too Faye Huffer on his bid of $4.00 per day, and record thereof was made on the minutes of the advisory board. The trustee did not agree to this award, but objected thereto and he individually awarded the contract for route No. 2, to Raymond Donnell at $4.25 per day, and made record thereof; that on August 17, said advisory board and said trustee met pursuant to notice to consider the awarding of contract to bus drivers; that at this meet-

ing the trustee suggested the name of Raymond Donnell for route No. 2, at $4.00 per day, but the advisory board rejected this motion and adopted a motion to award the contract to Albert Huffer at $4.00 per day; that minutes of these proceedings were made on the advisory board record; that on August 24, 1931, the advisory board and the trustee again met for the purpose of considering further the letting of contract for a bus driver for route No. 2. At this meeting the advisory board adopted a motion to award the contract to Albert Huffer, and the trustee again objected and he again awarded the contract to Raymond Donnell. There was no objection to any of the bidders' statutory qualifications and the only trouble seems to be, that the trustee and the advisory board could not come to an agreement upon any one of the bidders.

The appellees question the sufficiency of appellants' brief to present any question for our consideration. While appellants' brief may not conform strictly to all the requirements of our rules, yet it is sufficient, we think, to present the substantial question here involved.

The only question in this case which we need consider is, whether or not the lower court could rightly mandate the advisory board, and the members thereof to *approve* the contract of employment, executed by the trustee in compliance with the court's mandate. We think this question must be answered in the negative. One of the cardinal principles involved in a suit to mandate is that it must appear that it is the imperative duty of the defendant to do the act sought, and that he has the power to perform the act sought to be enforced. This fundamental principle is laid down in many cases in this state, some of which are cited in the case of *Waters* v. *State ex rel.* (1909), 172 Ind. 251, 252, 88 N. E. 67, where the court said:

"It is settled in this State that to render the alternative writ of mandate sufficient to withstand a demurrer for the want of facts it must appear therefrom that it is the officer's duty, and that he has the power, to perform the act sought to be enforced."

See cases there cited. *Evansville, etc., Stockyards Co.* v. *State ex rel.* (1913), 179 Ind. 505, 101 N. E. 882. Unless the statute makes it the duty of the advisory board to do the thing which the court mandated it to do, this cause should be reversed. Chapter 59 of the Acts of 1931, p. 144, nowhere makes any provisions for the advisory board to approve a contract. Appellees say,

"The court entered judgment that there was a vacancy in said Route No. 2, and ordered the trustee to enter into a contract with a school bus driver to be selected by the trustee, at a rate not exceeding $4.00 per day, and ordered the Advisory Board to approve the contract so made.

"This was done under the provisions of Section 2, Acts 1931, p. 146, which provides as follows:

" 'Vacancies which occur during any school year shall be filled by appointment, without advertising, for the remainder of the year, and the vacancy so created shall be filled before the beginning of the next school year in the manner and for the period hereinbefore prescribed.'

"The lower court construed the law as granting a joint power to the trustee and Advisory Board, each as a separate entity, and being a joint power, the court held that where they failed to agree, a vacancy occurred, to be filled by appointment, and ordered the same so filled.

"We submit, that this construction of the statute was correct."

Assuming, without deciding that the above is a correct interpretation of Chapter 59, *supra,* such interpretation falls far short of imposing the duty upon appellants, acting as the advisory board of Johnson township, to approve the contract executed by the trustee. We think the lower court was correct in construing this act as granting joint power to the trustee and ad-

visory board, each as a separate entity, in awarding the contract to bus drivers, and it is specifically provided that in event of a vacancy, the same shall be filled in the same manner.

The burden of appellee's brief is to show that the trustee was the proper party to award the contract and that the court did not err in mandating the trustee to execute a contract with a bus driver to transport relator's child to and from school. It will be noted that the township trustee, Claude Donnell, did not join in this appeal as an appellant. He was satisfied with the judgment of the lower court, but is made a party to this appeal as one of the appellees.

Whether or not the court was correct in mandating the trustee to execute a contract with a bus driver, or whether such a contract could be enforced, are questions with which we are not concerned. The only question before us now is whether the court was correct in mandating the advisory board and the members thereof to approve the contract. Appellees' have nowhere pointed out any statute or any law that makes it the legal duty of the advisory board to approve the contract. Appellees' own construction of the above statute does not go so far as to impose this duty on the appellants.

Appellees no where contend that it was the legal duty of appellants to approve the contract executed by the trustee with the bus drivers, but say that,

"If the mandate should have directed the Advisory Board to select the driver, or the Trustee and Advisory Board jointly to select the driver, the remedy of appellants was by motion to modify the judgment in that regard and not by motion for a new trial. Where the form or details of the decree are objectionable the proper remedy is by motion to modify the judgment."

To this proposition appellees cite the cases of *Southern Ind. Ry. Co.* v. *I. & L. R. Co.* (1907), 168 Ind. 360, 81 N. E. 65; *Nelson* v. *Cottingham* (1899), 152 Ind. 135, 52 N. E. 702. These cases clearly support the proposition of law stated by appellees but we cannot see how they apply to the facts in this case. The appellants' objections to the judgment rendered against them do not go to the detail or mere form of the judgment but to the very substance of the judgment itself. They are contending that the court by its judgment has mandated them to do an act that is not contemplated by the statute and appellees nowhere controvert this contention. Under the well recognized and universal rule of law, as heretofore set out, the judgment as to these appellants was clearly erroneous.

Inasmuch as the facts are not in dispute there is no necessity for a new trial. Judgment, in so far as it effects these appellants, is reversed, and the trial court is instructed to grant appellants' motion for a new trial and enter judgment in their favor.