STATE EX REL. WELSH ET AL. *v.* MARION
SUPERIOR COURT ET AL.

[No. 30,253. Filed September 26, 1962.]

*Edwin K. Steers,* Attorney General, and *Addison M. Dowling,* Deputy Attorney General, for relators.

*Nelson G. Grills,* of Indianapolis, for respondents.

ACHOR, J.—Relators ask this court for a writ of mandate and prohibition restricting and confining the respondents to their lawful jurisdiction in a certain cause of action now pending in the Marion Superior Court, Room No. 5, entitled: State of Indiana on the relation of Nelson G. Grills, plaintiff, v. Matthew E. Welsh, Edwin M. S. Steers, James E. Noland, as the Indiana State Election Board, defendants, Cause No. S62-1985.

Specifically, relators' petition asks this court for a writ of mandate commanding the respondent judge to dismiss said cause and that respondent be prohibited from entering any further orders, judgments or decrees therein [other than the dismissal of said cause], until further order of this court. We issued a temporary writ.

In the trial court the plaintiff, Nelson G. Grills, asked the court:

"To Mandate the Defendants [Indiana State Election Board] to adopt rules and regulations and engage in any other acts necessary in the opinions of the Defendants to provide a fair, legal and orderly conduct of the election [of] Members of the 93rd General Assembly by providing an apportioning of Members of the General Assembly among the several counties according to the number of male inhabitants above 21 years of age, and the Defendants be Mandated further not to permit in its supervision over local elections the election of Members of the General Assembly from districts apportioned under Chapter 78 and Chapter 271 of the Acts of 1921. . . ."

In the case the trial court issued a writ of mandate as prayed.

The constitutional provisions regarding apportionment are as follows:

> "The *General Assembly* shall, at its second session after the adoption of this Constitution, and every sixth year thereafter, cause an enumeration to be made of all the male inhabitants over the age of twenty-one years." Art. 4, §4 Indiana Constitution.
>
> "The number of Senators and Representatives shall, at the session next following each period of making such enumeration, be fixed by law, and apportioned among the several counties, according to the number of male inhabitants, above twenty-one years of age, in each: Provided, that the first and second elections of members of the General Assembly, under this Constitution, shall be according to the apportionment last made by the General Assembly, before the adoption of this constitution." Art. 4, §5 Indiana Constitution. [Our italics.]

Indiana was last reapportioned by the General Assembly in 1921 [ch. 78, §2, p. 174 and ch. 271, §§1 and 2, p. 843, being §§34-101 to 34-104, inclusive].

Faced with the fact that neither the legislature nor the governor have acted to accomplish reapportionment in Indiana, this court is now asked to approve the mandate of the trial court whereby the State Election Board was ordered to reapportion the state and conduct an election accordingly. In deciding the issue, we are governed by the fact that neither the need for reapportionment, nor the failure of those responsible therefor, can justify the employment of unlawful means not contemplated within the constitutional framework of our government as a method of accomplishing reapportionment, however desirable. Thus, the specific issue for this

court to determine is: Did the Marion Superior Court, Room 5, have jurisdiction to order the State Election Board to reapportion the state of Indiana and to conduct an election accordingly?

> As heretofore noted, under the constitution, re-apportionment of the members of the General Assembly is a responsibility cast upon the General Assembly itself.

In support of its position that the trial court had jurisdiction to entertain the proceedings before it, respondent has cited and relied upon the following cases in which the court took jurisdiction for the purpose of determining whether acts of the legislature which reapportioned the state were, in fact, constitutional. *Brooks* v. *State, ex rel.* (1904), 162 Ind. 568, 70 N. E. 980; *Denney, Clerk, et al.* v. *The State, ex rel. Basler* (1895), 144 Ind. 503, 42 N. E. 929; *Parker et al.* v. *The State, ex rel. Powell* (1893), 133 Ind. 178, 32 N .E. 836, 33 N. E. 119.

The foregoing cases are distinguishable from the case at bar. In those cases the court merely ruled upon the constitutionality of reapportionment acts previously passed by the legislature. This, the court may do with propriety. However, in the primary case, the plaintiff is asking a court to mandate the State Election Board to reapportion the state and conduct an election accordingly, although the power of reapportionment is, by constitution, vested solely in the General Assembly.

The powers and duties of the State Election Board have been stated by the legislature as follows:

> "The board is hereby vested with the power and charged with the duty of supervising all elections and administering the election laws of the state in their state-wide application and espe-

ially as they relate to federal and state elective officers.

Said board, subject to the provisions of the laws of this state, shall have the power, and it shall be its duty, to formulate, adopt and promulgate rules and regulations governing the conduct of elections. . . ." Acts 1945, ch. 208, §11, p. 680, being §29-3004, Burns' 1949 Repl.

Thus, the State Election Board is merely an administrative body created by the legislature to perform the specific and limited functions of "supervising all elections and administering the election laws of the state . . . [and] adopt and promulgate rules and regulations . . ." for that purpose. §29-3004, *supra.* The authority thus vested in the State Election Board does not, under any theory, vest the board with the power and authority to make a reapportionment of the General Assembly or to conduct an election in any manner other than as provided by the election laws of the state as enacted by the legislature which created the board [§29-3004, *supra.*].

We conclude therefore that the respondent court had no jurisdiction to mandate the performance of this act by the State Election Board.

The temporary writ of mandate heretofore issued is made permanent.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Jackson, J., concurs with opinion.

## CONCURRING OPINION

JACKSON, J.—Relators here seek a writ of mandate and prohibition restricting and confining the respondents to their lawful jurisdiction in a certain cause of action filed and now pending in the Marion Superior Court, Room No. 5, Marion County, Indiana, entitled:

State of Indiana on the relation of Nelson G. Grills, plaintiff, v. Matthew E. Welsh, Edwin M. S. Steers, James E. Noland, as the Indiana State Election Board, defendants, and being cause No. S62-1985 in such court.

Relators pray that an alternative writ of mandate and prohibition issue out of this court commanding the respondent Court and Judge thereof to sustain the motion of said relators to dismiss cause No. S62-1985, or show cause on or before a day to be fixed by this Court why the writ should not be made permanent; and, further, that said respondent court and judge thereof be prohibited from proceeding further in said cause and from entering any further orders, judgment and decrees of any kind until the further order of this Court.

We issued a temporary writ, returnable July 30, 1962. To this writ respondent made return alleging therein:

> "1. The Marion Superior Court, Room 5 does possess jurisdiction over the person of the members of the State Election Board and to compel the performance by that board of any act which the law specifically enjoins, or any duty resulting from their office.
>
> "2. That the complaint from mandate filed in the case of Nelson G. Grills v. Matthew E. Welsh, Edwin M. S. Steers, and James E. Noland as Indiana State Election Board, Cause No. S62-1985, now pending in the Marion Superior Court, Room No. 5, seeks to mandate the election board to perform acts which the law specifically enjoins upon that board."

In the respondent court, plaintiff below, Nelson G. Grills, in cause No. S62-1985 sought the following relief:

> "WHEREFORE, the relator prays the Court to mandate the Defendants to adopt rules and regu-

lations and engage in any other acts necessary in the opinions of the Defendants to provide a fair, legal and orderly conduct of the election of members of the 93rd General Assembly by providing an apportioning of the members of the General Assembly among the several counties according to the number of male inhabitants above 21 years of age, and the Defendants be mandated further not to permit in its supervision over local elections the election of members of the General Assembly from districts apportioned under Chapter 78 and Chapter 271 of the Acts of 1921, and for all further proper relief in the premises."

The only question we are here called upon to determine is one of jurisdiction.

1. The Constitution provides the time and manner of apportionment, expressly lodging that duty in the General Assembly. Art. 4, §4, Constitution of Indiana.

2. Jurisdiction of the respondent court, in the action there pending and bearing cause No. S62-1985, is governed by Acts 1881 (Spec. Sess.), ch. 38, as amended, and as found in §3-2201 Burns' 1961 Supp.

3. The statute establishing the State Election Board is Acts 1945, ch. 208, §§8-15, p. 680, being §§29-001—29-3008, Burns' 1949 Replacement.

Number one above is clear, unambiguous and needs no elaboration or discussion; hence it is unnecessary to extend this opinion by further discussion of the constitutional requirements.

Numbers two and three, in the interest of brevity, will be discussed together.

The State Election Board is a creature of statute, in effect an administrative board, endowed only with the powers specifically delegated to it by the legislature. Its prime function is to supervise elections and administer the election laws; such powers and duties are specifically set forth in Acts 1945, ch. 208,

§11, p. 680, being §29-3004, Burns' 1949 Replacement. No where in the Act or Statute do we find any authority that would permit, or give relator discretion to act as the plaintiff seeks to compel it to do in cause No. S62-1985 in respondent court.

An action in mandate cannot be used to establish a right or define and impose a duty, but only to enforce an existing legal right and the performance of a duty specifically enjoined. *State ex rel. Black* v. *Burch* (1948), 226 Ind. 445, 490, 81 N. E. 2d 850; *State ex rel.* v. *Foland, Auditor* (1921), 191 Ind. 342, 349, 350, 132 N. E. 674.

It has long been the law in Indiana that a court only has the power to mandate an administrative board to perform a duty which the board has a clear and imperative legal obligation to perform. *Kent et al.* v. *State ex rel. Clingan et al.* (1935), 208 Ind. 72, 76, 194 N. E. 616; *Owen County Council* v. *State ex rel.* (1911), 175 Ind. 610, 616, 95 N. E. 253.

The relators having no authority to perform the act or acts respondent court and plaintiff in cause No. S62-1985 seek to compel them to perform, it is clear that the relators are entitled to the relief sought here, and that respondent court has no jurisdiction to grant the relief sought below.

I concur in the mandate of the majority opinion that the temporary writ heretofore issued should be made permanent.

NOTE.—Reported in 185 N. E. 2d 18.