STATE EX REL. SOCIALIST LABOR PARTY, ETC. *v.*
STATE ELECTION BOARD, ETC.

[No. 1068S172. Filed October 17, 1968.]

*Wilson & Kern,* of Indianapolis, for plaintiff below.

*John J. Dillon,* Attorney General, *Charles S. White,* Chief Counsel, and *Virginia Dill McCarty,* Assistant Attorney General, for defendants below.

LEWIS, C. J.—This case commenced in the Marion Circuit Court and was removed to the Appellate Court of Indiana by the Attorney General of Indiana pursuant to Indiana Acts

1965 (2nd Spec. Sess.), ch. 7, Burns' Indiana Statutes, Anno., § 3-2121, *et seq.*

The Appellate Court issued final judgment against the defendants on the issues formed by separate Motions for Summary Judgment filed by both the plaintiff and the defendants, which Order reads, omitting the formal parts thereof, as follows:

"This matter is before us upon petition filed by the Attorney General of the State of Indiana, the Honorable John J. Dillon, pursuant to Acts of the General Assembly. Acts 1965 (2nd Spec. Sess.), ch 7, section 2 through 7 inclusive, and sections 9 through 13 inclusive; being Burns' Anno. Stats., sections 3-2121 through 3-2131 inclusive.

"No petition for remand nor motion or petition questioning the jurisdiction of this court, has been filed in this court.

"The petition for removal was filed by the Attorney General before any order, writ, mandate or judgment was issued by the Circuit Court of Marion County in the State of Indiana, in Cause No. X68 519.

"The matter before us is presented by the complaint, designated as a 'petition for mandate,' filed by the Socialist Labor Party in the Circuit Court of Marion County, Indiana; an answer, filed by the Attorney General, acting as counsel for the State Election Board; and, the reply filed by the Socialist Labor Party; the latter two, being filed in this court. The complaint designated as a 'petition for mandate,' by the Socialist Labor Party, and designated by the defendants, by counsel, as a 'complaint,' contains twenty-one (21) paragraphs.

"To the designated 'complaint,' defendants filed formal answer in admission and denial pursuant to Rule 1-3 of the Rules of the Supreme Court of Indiana.

"Subsequent to the filing of answer, defendants filed, in this court, their motion for summary judgment with supporting affidavit, which read as follows:

(H. I.)

"To this answer and motion, plaintiffs filed reply and motion for summary judgment with supporting affidavit, all of which read as follows:

(H. I.)

"The court, having considered all of the pleadings and motions, and, having heard the argument of counsel, finds:

1. That it has jurisdiction of this cause.

2. That there is no genuine issue of fact presented.

3. That the Socialist Labor Party should be placed on the ballot at the General Election to be held in the State of Indiana on the 5th day of November, 1968.

4. That the State Election Board should be ordered to recall all ballots heretofore printed and distributed; to reprint said ballots with the name of the Socialist Labor Party thereon; to re-distribute said ballots to the various Clerks of the Circuit Courts of the State of Indiana and to certify the Socialist Labor Party and its candidates to the Offices of all of the Clerks of the Circuit Courts and to the Election Boards throughout the State of Indiana.

5. That an emergency exists and a certified copy of this order shall be served upon Roger D. Branigin, Thurman DeMoss and Edwin K. Steers, Sr., as members of the Election Board of the State of Indiana.

"IT IS THEREFORE ORDERED by this court that the State Election Board, Roger D. Branigin, Thurman DeMoss, and Edwin K. Steers, Sr., be and they are hereby mandated to recall, reprint and re-distribute the ballots to be used at the General Election to be held in the State of Indiana on the 5th day of November, 1968, and to place thereon the name of the Socialist Labor Party and to certify the Socialist Labor Party and its candidates to the Offices of all of the Clerks of the Circuit Courts and to the Election Boards throughout the State of Indiana.

"The Clerk of the Supreme and Appellate Courts is hereby directed to certify copies of this order.

"SO ORDERED, this 4th day of October, 1968, at Indianapolis, Indiana."

The defendants petitioned this Court for transfer of the cause from the Appellate Court, alleging:

1. That the order of the Appellate Court contravenes a ruling precedent of this Court as enunciated in *State ex rel. Welsh* v. *Superior Court of Marion County* (1962), 243 Ind. 307, 185 N. E. 2d 18.

2. That the Appellate Court erroneously decided a new question of law with reference to the requirements of Burns' Indiana Statutes, Anno., § 29-3812.

3. That the Appellate Court failed to state in its order sustaining the relators' Motion for Summary Judgment and

overruling defendants' Motion for Summary Judgment, the particular cause for Summary Judgment as set out in relators' Motion for Summary Judgment which contained multiple reasons; that the failure of the Appellate Court to give its reasons for Summary Judgment contravenes *Harris* v. *The Young Women's Christian Association, etc.* (1968), 250 Ind. 491, 237 N. E. 2d 242.

In oral argument before this Court the Socialist Labor Party, by its counsel, contended that the Petition to Transfer was improper in that the petitioners had failed to file a Motion for Rehearing in the Appellate Court and, therefore, were in violation of Rule 2-23 of the Rules of the Supreme and Appellate Courts.

The petitioners answered that this was an Original Action in which the Appellate Court's final adjudication was rendered on a Motion for Summary Judgment and no petition or application for rehearing would have been proper or would have served any useful purpose before the Appellate Court.

We hold that in the case at bar the Appellate Court did sit as a Trial Court under the provisions of Burns' Indiana Statutes, Anno., § 3-2121, *et seq.* The Appellate Court did not exercise its appellate jurisdiction and we hold that the requirement of a petition for rehearing prior to a petition to transfer is not proper or necessary in any matter in which the Appellate Court sits as a Trial Court and the issues are decided by Summary Judgment. The Rules of this Court have, heretofore, been amended to provide that a Motion for New Trial is not appropriate where judgment has been entered following a Motion for Summary Judgment. The reasons for the adoption of this Rule seem to emphasize the argument of the petitioners herein: that an application for rehearing with the Appellate Court was not properly a condition precedent to filing the Motion to Transfer with this Court in the case at bar since the Appellate Court entered its order in an Original Action and not in a matter where the court was exercising its appellate jurisdiction.

The Socialist Labor Party in its complaint, which was tried before the Appellate Court, contended that the petitioners herein unlawfully excluded the Socialist Labor Party from the ballot in the general election to be held November 5, 1968. The deadline for filing a proper application by a political party is fixed by statute as September 1. The Socialist Labor Party filed with the Governor of the State of Indiana, the signatures of 12,000 or more persons petitioning to have the names of the nominees of said party placed on the ballot in the general election to be held in the State of Indiana on November 5, 1968. The petitions were filed prior to the statutory deadline. With the petitions an affidavit was filed purporting to comply with the requirements of Burns' Indiana Statutes, Anno., § 29-3812, which reads as follows:

"No political party or organization shall be recognized and given a place on or have the names of its candidates printed on the ballot used at any election which advocates the overthrow, by force or violence, of the local, state or national government, or which advocates, or carries on, a program of sedition or of treason, and which is affiliated or cooperates with or has any relation with any foreign government, or any political party or group of individuals of any foreign government. Any political party or organization which is in existence at the time of the passage of this act, or which shall have had a ticket on the ballot one (1) or more times prior to any election, and which does not advocate any of the doctrines the advocacy of which is prohibited by this act, shall insert a plank in its platform that it does not advocate any of the doctrines prohibited by this act. No existing or newly-organized political party or organization shall be permitted on or to have the names of its candidates printed on the ballot used at any election until it has filed an affidavit, by its officers, under oath, that it does not advocate the overthrow of local, state or national government by force or violence, and that it is not affiliated with and does not cooperate with nor has any relation with any foreign government, or any political party, organization or group of individuals of any foreign government. The affidavit herein provided for shall be filed with the state election board or the county election board having charge of the printing of the ballot on which such ticket is to appear. The election board with which such affidavit is

filed shall make, or cause to be made such investigation as it may deem necessary to determine the character and nature of the political doctrines of such existing or proposed new party and the expense of such investigation by the state election board shall be paid out of the general funds of the state treasury not otherwise appropriated, provided the amount of such appropriation shall not exceed five hundred dollars ($500) ; and the expense of the investigation by the county election board shall be paid out of the funds in the treasury, not otherwise appropriated, provided the amount of such appropriation shall not exceed three hundred dollars ($300), and if the board is of the opinion that such existing or proposed new party advocates doctrines which are in violation of the provisions of this act, or that any of the statements in said affidavit are false, the board shall not permit such ticket or candidates on the ballot."

On September 4, 1968, the State Election Board denied the Socialist Labor Party a place on the ballot in the November 5, 1968, general election for the reason that the affidavit filed with the petitions did not conform to law (Section 117 of the Indiana Election Code and Acts of 1945, Ch. 208, Burns,' § 29-3812, *supra*. On said September 4, 1968, the Governor, according to law, certified the names of candidates of all parties who had filed proper certificates and petitions for nomination of candidates for which all the electors of the state are entitled to vote to the clerks of the Circuit Courts of each and every county. The affidavit filed by the Socialist Labor Party reads, in relevant part, that said Party does not

"advocate the overthrow of local, state or National Government by force or violence, and that it is not affiliated with, and does not cooperate with nor have any relations with any foreign government, nor any political party, organization or group of individuals of any foreign government that does advocate such a policy by Radio, Speech or Press. . . ."

The Socialist Labor Party, thereafter, requested that the State Election Board reconsider the petitions filed by said Party, and the State Election Board, at a meeting on Septem-

ber 9, 1968, denied the tender of the officers of the Socialist Labor Party the right to file an amended affidavit on the ground that the time for filing affidavits had expired prior to said September 9.

The Attorney General of Indiana argues that it is obvious that the Party has failed to comply with both the second and third requirements in the statute. Instead of said Party swearing that it isn't affiliated with and that it does not co-operate, nor have any relations with any foreign government, the officers of said Party swear only that it is not affiliated with only those foreign governments which advocate the violent overthrow of local, state, or national government, by radio, speech or press.

The Attorney General argues on behalf of the petitioners that the qualified affidavit filed by the officers of the Socialist Labor Party did not meet the requirements as set out in Burns', § 29-3812, *supra*. We agree with the contention of the Attorney General. The affidavit filed by the Socialist Labor Party failed to comply with statutory requirements.

The legislative history of Section 117 indicates that when originally passed in 1935 as Chapter 325 of the Acts of 1935, the Section read, in part, as follows:

"No newly organized political party shall be permitted on or to have the names of its candidates printed on the ballot used at any election until it has filed an affidavit, by its officers, under oath, that it does not advocate the overthrow of local, state or national government by force or violence, and that it is not affiliated in any way with any political party or organization, or subdivision of any organization, which does advocate such a policy by radio, speech or press."

Thereafter, in 1945, the Legislature codified the election laws and wrote Section 117 as shown, *supra*. This Court has held that a change made by the Legislature in the language of the statutes was presumed to have been intended to change the meaning of the statute.

" 'Generally a statutory amendment which changes the language of a prior statute indicates a legislative intention that the meaning of the statute has been changed, and raises a presumption that the Legislature intended to change the law. . . .' " *Board of Commr's.* v. *Sweeney* (1962), 134 Ind. App. 33, 43, 181 N. E. 2d 241. (Transfer Denied October 4, 1962).

The change intended is apparent in that in 1945 the Legislature provided that affiliation of a party with any foreign government or its political parties must be negated by affidavit. This is a much broader, and more stringent, requirement than the previous requirement where negation of affiliation with a party or organization which, by radio, speech or press, advocates the violent overthrow of the government. The Legislature, very apparently, intended that any political party that appeared on the ballot of Indiana must negate by affidavit affiliation with any foreign government that in any manner seeks the violent overthrow of the government. It is also apparent the Legislature in 1945 intended to bar from the Indiana ballot, political parties which had foreign affiliations regardless of whether the affiliated foreign countries were friendly or unfriendly at any given moment to the local, state and national government of the United States.

It is obvious from a reading of the affidavit filed by the Socialist Party that it did not meet the requirements of the 1945 Act, *supra,* and therefore, was insufficient.

We, then, must come to the question as to whether or not the State Election Board was justified in refusing the offered amended affidavit on September 9, 1968. Burns' Indiana Statutes, Anno., § 29-3806, reads as follows:

"Not later than September 2 before an election of the state to fill any public office for which all the electors of the state are entitled to vote, the governor of the state shall certify to the county clerks of each county the name and place of residence of each person nominated for such office, as specified in the certificates and petitions of nominations

filed with the governor of the state, and shall designate therein the device under which the group or list of candidates of each party will be printed, and the order in which they will be arranged."

Candidates may not resign after September 1, § 114, as amended by Acts of 1947, ch. 120, § 16, Burns' § 29-3809, *supra*. Vacancies on a ticket may not be filled later than September 1, § 115, as last amended by Acts of 1949, ch. 25, § 9, except in the case of a candidate *legally certified* who dies or is removed after the printing of ballots and before the election, § 241, as last amended by Acts of 1951, ch. 12, § 7, Burns' § 29-5002. If the exception occurs, a slip with the name of the replacement can be pasted over the name of the candidate printed on the ballot.

The entire Candidates Article of the Election Code shows that the Legislature has determined that the election officials of the state and of the counties of Indiana must know what names of candidates will be placed on the ballot in time to permit orderly preparation for the election. In order to accomplish that end, the General Assembly has established a cut-off date after which no new parties or names may be added to the ballot except in situations where the office and candidates of a party or of parties are already on the ballot, and a paster can be used. The Legislature has established that date as September 1 for filing with the Governor, and September 2 for the Governor's certification to the county clerks. The Election Code enacted in 1945 established August 1st as the cut-off date. The 1947 amendments to §§ 110 and 111, Burns' §§ 29-3805, 29-3806, *supra,* changed that date to September 1. The 1951 amendment to § 111 changed the date for the Governor's certification to September 2, to the end that the Governor would not have to make certifications piecemeal, but could await the closing of the time for filing with him, and certify all parties and candidates at one time.

The Governor of Indiana had certified the names of the parties and candidates on September 4, 1968. This Court has

held that it is in accord with public policy that the General Assembly has established cut-off dates for putting names on ballots for elections in order that the election preparations required by statute may be taken. *Beal* v. *Ray* (1861), 17 Ind. 554.

The Socialist Labor Party tendered its amended affidavit on September 9, 1968, too late in the light of the dates fixed in the statute, *supra*, and the obvious intent of the Legislature.

We further conclude that the fact that faulty affidavits had been filed by the Socialist Labor Party for a period of years and approved on such previous occasions does not in any way estop the present State Election Board from insisting upon proper statutory affidavits.

Public officers cannot, by violation of law, bind their successors or the State of Indiana to erroneous and illegal actions. *Julian* v. *State* (1895), 140 Ind. 581, 39 N. E. 923.

The Supreme Court has thus described the duties and authority of the State Election Board:

"the State Election Board is merely an administrative body created by the legislature to perform the specific and limited functions of 'supervising all elections and administering the election laws of the State [and] adopt and promulgate rules and regulations' for that purpose. § 29-3004, *supra*. The authority thus vested in the State Election Board does not, under any theory, vest the board with the power and authority to . . . conduct an election in any manner other than as provided by the election laws of the state as enacted by the legislature which created the board. . . ." *State ex rel. Welsh* v. *Marion Superior Court*, *supra*.

It is also to be noted that the Appellate Court in entering judgment on the Motion for Summary Judgment failed to state the basis of the Summary Judgment. There were multiple reasons given for Summary Judgment and the final judgment rendered by the Appellate Court, sitting

as a Trial Court without enunciating its particular reasons, fails to meet the requirements of law and contravenes *Harris* v. *The Young Women's Christian Association, etc., supra.*

The Petition to Transfer filed by the State Election Board of Indiana, et al, is granted and this cause is transferred to this Court; the Order and Judgment of the Appellate Court hertofore entered is vacated and held for naught under the Motions for Summary Judgment filed in the Appellate Court and the supporting affidavits with said Motions for Summary Judgment; and, based upon the issues thus formed, final judgment here is rendered in favor of the State Election Board of Indiana, and against the Socialist Labor Party.

The costs herein are taxed against the Socialist Labor Party.

Jackson and DeBruler, JJ., concur; Arterburn, J., dissents with opinion in which Hunter, J., concurs.

### DISSENTING.

ARTERBURN, J.—I must dissent from the majority opinion herein for the reason that I believe the affidavit filed on behalf of the Socialist Labor Party was a substantial compliance with the statute. The majority opinion sets out the affidavit filed, and I need not lengthen this opinion by a repetition. However, I call attention to the fact that the petition filed with the Governor and the State Election Board for placing the Socialist Labor Party candidates on the ballot was a verified petition, as well as the affidavit which accompanied the petition, which it is claimed was defective. I feel that if any defect existed in the language of the affidavit, it was cured by the language of the petition, which was verified and which contained the following statement:

"And that said party herewith files an affidavit or had adopted a platform providing that said party does not advocate any of the doctrines prohibited by Section 117 (Burns' § 29-3812) of the Indiana Election Code . . ."

That sworn statement that the party "does not advocate any of the doctrines prohibited by Section 117 of the Indiana Election Code" certainly cures any defects in the other affidavit. The petition to have the candidates and the party placed on the ballot was verified and there is no reason why the affidavit, which the statute requires, could not have been made a part of the original petition.

Therefore, in my opinion, the State Election Board has all of the verified statements that it needed showing that this party had qualified under the statute, as the statute provides.

The summary judgment of the Appellate Court, based upon the uncontradicted facts presented to it by the affidavits, was correct. The transfer from the Appellate Court should be denied.

Hunter, J., concurs.

NOTE.—Reported in 241 N. E. 2d 69.