STARKE MEMORIAL HOSPITAL *v.* TODD EQUIPMENT
LEASING CO., INC.

[No. 3-174A2.  Filed September 24, 1975.]

*Orville W. Nichols, Jr., Charles W. Weaver, Nichols & Nichols,* of Knox, for appellant.

*Oscar B. Smith, Jr., Thomas O. Mulligan, Smith & Mulligan,* of Knox, for plaintiff appellee.

PER CURIAM—Appellee, Todd, brought suit alleging that it had leased certain equipment to appellant, hospital; and that the hospital had failed to comply with the lease terms to Todd's damage in the amount of $20,423.17.

The hospital filed an answer in denial and a counterclaim in which it sought recovery of the payments it had made under the lease. It also filed third party complaints against the manufacturer of the items involved and against a bank, alleging it to be assignee of the lessor's interest in the lease. These complaints were answered by denials and by the manufacturer's assertion that the court lacked jurisdiction of its person.

At this point Todd moved for summary judgment asserting that the hospital's "counterclaim and affirmative defenses do not state a claim upon which relief may be granted" and further asserting it was entitled to judgment as a matter of law.

After argument, the following docket entry was made by the court:

"Arguments heard on plaintiff's motion for summary judgment. Motion granted.

Defendant orally moves the court state in its order that the court found that the issue whether the transaction was a sale or a lease was one of law and not fact. Motion denied."

However, it does not appear that any form of judgment was ever entered.

Pursuant to Indiana Rules of Procedure, Appellate Rule 4(E), we have endeavored to determine whether in the in-

terest of justice we might pass upon the issues that have been adjudicated despite the lack of a judgment. We have been forced to the conclusion that we cannot.

Clearly a complete summary judgment for Todd was not intended since there was nothing before the court but the bare allegation of the complaint upon which damages might be determined.

As to the counterclaim, it appeared to assert the invalidity of the lease for three separate and distinct reasons, all of which relate to the hospital's assertion that the "lease" was in reality merely the creation of a security interest under the Uniform Commercial Code.

In such instances, the necessity for the trial court to enter findings upon which its judgment is based to enable a reviewing court to properly consider an appeal has already been decided. *Harris* v. *Y.W.C.A.* (1968), 250 Ind. 491, 237 N.E.2d 242; *State ex rel. Socialist Labor P.* v. *State Election Bd.* (1968), 251 Ind. 260, 241 N.E.2d 69; *Ware* v. *Waterman* (1969), 146 Ind. App. 237, 253 N.E.2d 708; TR. 56(C).

It would be folly for us to speculate as to what issues the court was addressing. Furthermore, summary judgment on less than all the issues is merely interlocutory and not appealable unless the court expressly determines the additional matters prescribed in TR. 56(C), *Fed. Ins. Co.* v. *Liberty Mut. Ins. Co.* (1974), 162 Ind. App. 242, 319 N.E.2d 171; or the matter is appealable through application of the statutory addition to AP. 4. *See Richards* v. *Crown Pt. C.S. Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5.

Accordingly, we perceive no alternative but to dismiss the present appeal and remand to the trial court for further proceedings.

Appeal dismissed.

NOTE.—Reported at 333 N.E.2d 925.