STATE of Indiana, on the Relation of the STATE ELECTION BOARD, Relator,

v.

The SUPERIOR COURT OF MARION COUNTY, CIVIL DIVISION, ROOM NO. 7, and the Honorable Gerald S. Zore, Judge thereof, Respondents.

No. 49500–8803–OR–283.

Supreme Court of Indiana.

March 1, 1988.

David F. McNamar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for relator.

Jon D. Krahulik, John P. Price, Robin L. Babbitt, Bingham Summers Welsh & Spilman, Indianapolis, for respondents.

ORDER

COMES NOW Relator, the State Election Board, by counsel David F. McNamar and Michael R. Franceschini, and comes also the Respondent, the Honorable Gerald S. Zore, Judge of Marion Superior Court, Civil Division, Room No. 7, by counsel Maureen E. Gaddy, and comes also Evan Bayh, by counsel, Jon D. Krahulik, John P. Price, Robin L. Babbitt and Paul J. Knapp, and present arguments in the above-captioned original action.

After consideration of said arguments this Court now denies Relator's "Petition for Writ of Prohibition and Writ of Mandamus" as prayed. The Respondent is, however, prohibited from enjoining the administrative proceeding of the State Election Board without further order of this Court.

SHEPARD, C.J., with PIVARNIK and DICKSON, JJ., concur in the denial of the petition as prayed.

GIVAN, J., dissents to the denial of the petition as prayed.

SHEPARD, C.J., with GIVAN and DICKSON, JJ., concur in the order prohibiting the Respondent from enjoining the State Election Board.

PIVARNIK, J., dissents to the order prohibiting the Respondent from enjoining the State Election Board.

DeBRULER, J., is not participating.

SHEPARD, Chief Justice, and DICKSON, Justice.

It is important to emphasize that the question before the Court is *not* whether Evan Bayh meets the constitutional residency requirement for the office of Governor. That is a question for another day, a question all too likely to return to this Court for a final determination. In effect, the current proceedings are but a way to define the path by which the final question will work its way back to this Court.

▮ The State Election Board seeks a writ prohibiting the Marion Superior Court from proceeding further in the action for

declaratory judgment filed there by Evan Bayh. Though we have some reservations about the impact of today's decision on the state's administrative law, the necessity that this Court come to a conclusion about the procedure to be used in determining Mr. Bayh's eligibility for the office of Governor leads us to join in denying the relief requested by the Board. In so doing, we join in holding that under some circumstances a declaratory judgment is an available alternative to exhaustion of administrative remedies and judicial review.

■ We also conclude that a candidate's eligibility for placement on the ballot is a question which the statutes direct should customarily be decided by the Board. The Indiana Code requires that such questions be resolved by a week from Friday when the Secretary of State is directed under the statutes to certify to the county clerks the names of those who should be on the ballot. We have substantial doubt that a trial court can bring to a final judgment the question presented to it within that time frame and thus believe it is appropriate to let the Board's processes go forward. Hence, we have joined in prohibiting the Marion Superior Court from entering injunctions against the Board without further proceedings in this Court.

Even a decision by the Board favorable to Mr. Bayh's candidacy, however, cannot "bring to rest" the constitutional question of his eligibility for the office. Declaratory judgment is an excellent vehicle to bring about a final decision on that question. Both Evan Bayh and the people of Indiana have an interest in an early and authoritative answer to that constitutional question.

Whether the question of Evan Bayh's eligibility under the Constitution returns to this Court as an appeal from an administrative determination or as an appeal from a declaratory judgment, all deliberate speed will be required. We wish that a majority of this Court could be mustered for a more orderly path back here for a final resolution. As a Court functioning with only four members, today's order seems to us the best available.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority of the Court denying the writ in this case. I agree with their decision to prohibit Judge Zore from interfering with the function of the State Election Board.

We must presume that the Legislature intended for the State Election Board to function when they passed the statute creating the Board. Ind.Code § 3–6–4–1, *et seq.* It is their duty to administer the election laws of this State, Ind.Code § 3–6–4–12, which includes passing on the qualifications of persons seeking to have their names placed upon the ballot for the general election. The courts as well as the Legislature have recognized that the State Election Board is an administrative body. *State ex rel. Welch v. Marion Superior Court* (1962), 243 Ind. 307, 185 N.E.2d 18. Although the State Election Board has the primary responsibility to administer the election laws of this State, such duty is necessarily reviewable by the courts of this State. This is true of all administrative board decisions. *See Seagram v. Board of Commissioners of Lawrenceburg Flood Control* (1943), 220 Ind. 604, 45 N.E.2d 491; *Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646.

Relief under the Uniform Declaratory Judgments Act, Ind.Code § 34–4–10–1 *et seq.*, cannot be had where another established remedy is available. *Hinkle v. Howard* (1947), 225 Ind. 176, 73 N.E.2d 674.

In the case at bar, Evan Bayh is like all candidates seeking to have their name placed before the voting public. He is subject to the constitutional and statutory qualifications for whatever office sought. It is the responsibility of the State Election Board to determine that each candidate whose name is placed on the ballot is in fact qualified for such placement. If Evan Bayh or any other candidate in like circumstance is dissatisfied with the decision made by the State Election Board, they may seek judicial review from such decision.

As some of the other members of this Court have pointed out, under certain cir-

cumstances, including questions pending before administrative boards, it is proper to invoke the Uniform Declaratory Judgments Act. However, I do not perceive that this is one of those situations. This situation does not require an interpretation of the Indiana Constitution nor is the State Election Board threatening to take any action which it is not authorized to take. If the State Election Board's action would be adverse to Evan Bayh's interest, he could take his appeal. Therefore during the course of such action, the Uniform Declaratory Judgments Act should not be invoked. If, on the other hand, the State Election Board rules that Evan Bayh's name may go on the ballot and he is still concerned that he may be faced with a *quo warranto* action challenging his qualification to assume the office of Governor, he may invoke the Uniform Declaratory Judgments Act to obtain a judicial determination of his qualifications. If the above format is strictly adhered to, we will not have the unsavory situation of the State Election Board and a court of law acting simultaneously on the same subject.

The majority by its decision today has done two things which I consider to be improper. We have placed every administrative board in the State in the position of having questions that are posed before them submitted to courts under the Uniform Declaratory Judgments Act before the boards have the opportunity to act. This in effect neuters the administrative boards and renders judicial review of their decisions totally unnecessary. In addition, the majority by its actions has created a situation under which the State Election Board will continue to act at the same time the Respondent in this case is acting on the same subject matter. Both decisions are of course ultimately reviewable by this Court, but I view it as a waste of judicial time and energy to permit this same set of facts to run in tandem through the judicial system. Although I recognize the existence of the Uniform Declaratory Judgments Act and the value of the proper use of such Act, I think the action in this case is premature and should be prohibited at this time.

PIVARNIK, Justice, concurring and dissenting.

I vote to deny the Writ because the Court is the only forum which can conclusively put this issue to rest. Because this requires decisions on legal and constitutional issues, the Election Board is not in a position to do this.

The effect of the majority position is to allow both forums to go forward on the same issue simultaneously. I find this to be unjudicial and confusing.