The **INDIANA DEPARTMENT OF ENVI-RONMENTAL MANAGEMENT and Kathy Prosser in her official capacity as Commissioner of the Indiana Department of Environmental Management, Appellants–Defendants,**

v.

**CHEMICAL WASTE MANAGEMENT OF INDIANA, INC., Appellee–Plaintiff.**

No. 49A02–9205–CV–209.

Court of Appeals of Indiana, Second District.

Dec. 3, 1992.

Transfer Denied Feb. 9, 1993.

Linley E. Pearson, Atty. Gen., Lisa McCoy, Leslie H. Williams, Deputy Attys. Gen., Indianapolis, for appellant-defendant.

John D. Gay, Gay and McCombs, Versailles, amicus curiae Hoosier Environmental Council.

George M. Plews, Sue A. Shadley, Timothy J. Paris, Jeffrey D. Claflin, Plews & Shadley, Indianapolis, for appellee-plaintiff.

Edward O. Roberts, Jacqueline A. Simmons, Ice Miller Donadio & Ryan, Indianapolis, amicus curiae Indiana Chamber of Commerce, Indiana Manufacturers Ass'n.

BUCHANAN, Judge.

### CASE SUMMARY

Defendants-appellants Indiana Department of Environmental Management (Department) and Kathy Prosser, the Department's Commissioner, appeal from the trial court's entry of partial summary judgment in favor of plaintiff-appellee Chemical Waste Management of Indiana, Inc. (Chemical), claiming that Chemical should have exhausted its administrative remedies and that the trial court's judgment was contrary to law.

We affirm.

### FACTS

The facts most favorable to the trial court's decision reveal that Chemical, an Indiana corporation, is the owner of the Adams Center Hazardous Waste Treatment and Disposal Facility (Facility), located in Allen County, Indiana. The Facility has operated since 1975 and is the only hazardous waste disposal installation in Indiana that accepts commercially generated hazardous waste. Chemical purchased the Facility in 1984 and has invested more than $24 million in the installation.

The Department is the state agency that administers the State's environmental legislation as well as a number of federal environmental laws, including the Resource Conservation and Recovery Act (RCRA). 42 U.S.C. § 6901, *et seq.* The United States Environmental Protection Agency has authorized the Department to adminis-

ter and enforce the federal RCRA program through the State's regulations. Included in this authority is the power to approve or deny applications for hazardous waste disposal permits required by RCRA.

In November, 1980, a "Part A" RCRA permit was obtained by the Facility, which enabled it to continue operating until a permanent "Part B" permit could be issued. In January, 1984, Chemical applied for a permanent Part B permit for three distinct phases of its operation at the Facility, referred to as Phases I, II and III. Each phase is a specific section of the Facility consisting of "discrete lined cells" for the storage of waste.

In 1987, Chemical determined that it needed additional disposal capacity and on September 25, 1987, amended its still pending Part B permit application. The amendment included plans to redesign Phases II and III, and additional plans for newly developed Phases IV and V. In 1988, the Department decided to process Chemical's Part B permit application only for Phases I, II and III, as those phases already had interim status through the previously issued Part A permit. The Department informed Chemical that it would process Chemical's amendments as a "major modification" of its Part B permit. After negotiation, Chemical agreed to have its amendments treated as a major modification and the Department agreed to process the modification within one year. The Department issued Chemical a Part B permit for Phases I, II and III on September 30, 1988.

On December 28, 1988, Chemical submitted a revised Part B permit application which included its redesign of Phases II and III and the additional Phase IV, but omitted the planned Phase V to speed review of the application. The Department's technical review of the major modification application was completed in August, 1989, but the Department did not grant Chemical's application.

On March 20, 1990, the Indiana General Assembly enacted P.L. 109-1990, which added a new chapter to Indiana's environmental laws, codified at Ind.Code 13-7-10.2 (1990) (hereinafter referred to as the Character Law), which became effective upon enactment. The new chapter, titled "Good Character Requirements for Solid Waste Management Board Permits," required applicants to disclose information regarding past or pending civil, criminal or administrative complaints filed or judgments against the applicant, its officers, directors, managers or owners with more than a 20% interest, for violations of state or federal environmental protection laws. IC 13-7-10.2-3. The Character Law also allowed applications to be denied on a variety of bases. IC 13-7-10.2-4.

On March 30, 1990, the Department issued its public notice of intent to grant Chemical's application, and held a public hearing on the application on May 7, 1990. In July, 1990, the Department notified Chemical that it would apply the newly enacted Character Law to all pending applications, including Chemical's. Although Chemical objected to the Department's retroactive application of the Character Law, it submitted additional information in August, 1990, relying on the Department's promise to issue a final decision by the end of September, 1990.

In November, 1990, the Department informed Chemical that it would invite public comment on the disclosures made by Chemical, even though the Character Law did not require public comment or hearings. In April, 1991, the Department requested more information from Chemical, which Chemical provided. The Department also denied Chemical's request for a conditional permit subject to revocation if the Department issued an adverse ruling on Chemical's character.

In January, 1992, four and one-half years after Chemical first sought to amend its Part B permit application, Chemical filed its complaint for declaratory and injunctive relief. Chemical alleged that the Character Law should not be applied retroactively to applications pending on its effective date

and that the law was impermissibly vague, standardless and unconstitutional. Chemical also sought to enjoin the Department from denying its application based on the Character Law during the pendency of its action.

The trial court granted Chemical a preliminary injunction, preventing the Department from rejecting Chemical's application under the Character Law until a decision could be rendered on Chemical's motion for partial summary judgment as to the retroactive application of the Character Law. The Department filed an interlocutory appeal from the issuance of the preliminary injunction. The Department also sought to dismiss Chemical's action, claiming Chemical had failed to exhaust its administrative remedies.

The trial court granted Chemical's motion for partial summary judgment, determining that the Character Law could not be applied retroactively to pending applications. The Department now appeals from the trial court's entry of partial summary judgment, and has consolidated its appeal with the previously filed interlocutory appeal from the preliminary injunction.

### ISSUES

The Department raises three issues, which we consolidate and restate as:[1]

1. Whether Chemical should have exhausted its administrative remedies?

2. Whether the Character Law should be applied retroactively?

### DECISION

*ISSUE ONE*—Should the trial court have dismissed Chemical's action because it did not exhaust its administrative remedies?

*PARTIES' CONTENTIONS*—The Department argues that the trial court did not

---

1. We agree with Chemical that the trial court's ruling on its motion for partial summary judgment moots the Department's arguments as to the issuance of the preliminary injunction, which merely preserved the status quo during

have jurisdiction of Chemical's complaint because administrative review of Chemical's permit application had not been completed. Chemical responds that it demonstrated declaratory relief was appropriate and the trial court properly considered the merits of its claim.

*CONCLUSION*—The trial court did not err when it denied the Department's motion to dismiss Chemical's action.

██ The Department first seeks to enervate Chemical's claim by attacking the trial court's jurisdiction, alleging Chemical should have exhausted its administrative remedies before seeking redress in the courts. With respect to this argument, our Supreme Court has observed:

"It is true, as a general rule, that no one is entitled to judicial relief for an alleged or threatened injury until the prescribed administrative remedy has been exhausted. However, this rule should not be applied mechanistically. Rather, in determining whether or not a plaintiff should be allowed to bypass available administrative channels a court should consider the following factors: the character of the question presented, i.e., whether the question is one of law or fact; the adequacy or competence of the available administrative channels to answer the question presented; the extent or imminence of harm to the plaintiff if required to pursue administrative remedies, and; the potential disruptive effect which judicial intervention might have on the administrative process."

*Wilson v. Board of the Ind. Employment Sec. Div.* (1979), 270 Ind. 302, 305, 385 N.E.2d 438, 441, *cert. denied* 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101.

The Court went on to conclude:

"In the present case, the question presented is of constitutional character.

---

the pendency of Chemical's action, and we therefore need not address these claims. *See Riggin v. Board of Trustees of Ball State Univ.* (1986), Ind.App., 489 N.E.2d 616, *trans. denied.*

With all due respect, we think that the resolution of such a purely legal issue is beyond the expertise of the Division's administrative channels and is thus a subject more appropriate for judicial consideration.

In sum, we hold that given the constitutional character of the issue presented by Wilson's complaint, it was not necessary for her to press the issue through administrative channels as a precondition to judicial review. We therefore conclude that the trial court had jurisdiction over this matter...."

*Id.*

We arrive at the same place. Chemical's complaint challenged the constitutionality of the Character Law and the legality of applying it retroactively. These questions, like those considered in *Wilson*, are purely legal. No factual issue was raised, and the only fact material to the retroactive application question—that Chemical's application was pending when the Character Law went into effect—was undisputed.

Chemical also presented evidence which demonstrated that it would suffer harm to its business and reputation if the Department issued a negative determination of its character. *Record* at 274–78. Even if we agreed with the Department's argument that this injury would not amount to "irreparable harm," the evidence presented by Chemical would still weigh in its favor in view of the *Wilson* factors.

Also, the disruptive effect of the trial court's ruling on the Department's procedures is minimal. As Chemical points out, the trial court's decision that the Character Law could not be applied to pending applications actually simplifies the Department's review of applications. Further, the brief period during which the Department was enjoined from denying Chemical's application based on the Character Law was insignificant in light of the years of delay since the filing of the application.

Here Chemical was not challenging an agency action subject to judicial review when it filed its declaratory judgment action. Chemical was not seeking review of the Department's anticipated determination of its character, but rather, was contesting the Department's policy (which was, as Chemical characterizes, a *de facto* rule) of applying the Character Law to pending applications. In *Indiana & Michigan Elec. Co. v. Public Serv. Comm'n* (1986), Ind. App., 495 N.E.2d 779, *trans. denied*, we determined that a challenge to the content of an agency's rules and regulations was not properly raised in a petition for judicial review, but is more appropriately considered in a declaratory judgment action.

Our Supreme Court has also observed "that under some circumstances a declaratory judgment is an available alternative to exhaustion of administrative remedies and judicial review." *State ex. rel. State Election Bd. v. Superior Court of Marion County* (1988), Ind., 519 N.E.2d 1214.

In *Thompson v. Medical Licensing Bd.* (1979), 180 Ind.App. 333, 389 N.E.2d 43, *reh. denied* 180 Ind.App. 333, 398 N.E.2d 679, *cert. denied* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160, we decided that the determination as to whether the availability of another form of relief would justify the denial of a declaratory forum was a determination within the sound discretion of the trial court.

In light of our previous consideration of the *Wilson* factors, we must conclude that the Department has failed to establish that the trial court abused its discretion when it allowed Chemical to seek declaratory relief. *See Center Township v. Coe* (1991), Ind. App., 572 N.E.2d 1350; *Civil Rights Comm'n v. Kightlinger & Gray* (1991), Ind.App., 567 N.E.2d 125, *trans. denied.* For Chemical it was a matter of "*tempus fugit* " (time flies).

*ISSUE TWO*—Was the trial court's entry of partial summary judgment proper? [2]

*PARTIES' CONTENTIONS*—The Department maintains that the trial court's con-

---

**2.** We emphasize that the only issue decided by the trial court was the question of the retroac-

clusion that the Character Law could not be applied retroactively to pending applications was contrary to law and also claims that the trial court decided genuine issues of material fact. Chemical responds that the trial court's decision was correct and that any disputed facts were immaterial. The Hoosier Environmental Council filed an amicus brief supporting the Department's arguments. The Indiana Chamber of Commerce and the Indiana Manufacturers Association filed a brief bolstering Chemical's positions.

*CONCLUSION*—The entry of partial summary judgment was proper.

 When reviewing a grant of summary judgment, we stand in the place of the trial court, considering the same issues and following the same procedures. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369; *Delval v. PPG Indus., Inc.* (1992), Ind. App., 590 N.E.2d 1078, *trans. denied.*

 The trial court expressly decided that the sole undisputed, material fact relative to Chemical's motion for partial summary judgment on the retroactive application issue was that Chemical's application was pending prior to the effective date of the Character Law. *Supplemental record* at 325. The trial court observed that both the Department and Chemical agreed there was no genuine issue of material fact. *Supplemental record* at 324. The Department has also conceded on appeal that it "essentially" agreed that there were no material facts in dispute. *Appellant's brief* at 24.

The trial court's lengthy findings of facts and conclusions of law, *supplemental rec-*

*ord* at 298–326, referred to background facts, some of which were disputed by the Department (such as when its technical review of Chemical's application was completed and what assurances were given to Chemical before its application was filed), to provide the procedural context of its judgment. As the trial court indicated, these minor disputes are irrelevant to the trial court's ruling on the question of law before it, and they certainly provide no basis for reversing the trial court's judgment. Only genuine issues of *material* fact preclude summary judgment.[3]

 We therefore turn to the central question of law to be decided: the retroactive application of the Character Law. The long standing rule of statutory construction mandates that a law shall be prospective only in the absence of an express statement that it be retroactive. *O'Laughlin v. Barton* (1991), Ind., 582 N.E.2d 817; *State ex rel. Uzelac v. Lake Criminal Court* (1965), 247 Ind. 87, 212 N.E.2d 21; *Thomas v. Hemmelgarn* (1991), Ind.App., 579 N.E.2d 1333, *trans. denied; Rogers v. R.J. Reynolds Tobacco Co.* (1990), Ind.App., 557 N.E.2d 1045.

The Character Law contains no such expression. The law provides: "As used in this chapter, 'applicant' means an individual, a corporation, a partnership, or a business association that *applies* for the issuance, renewal, transfer, or major modification of a permit described in IC 13–7–10–1(e)." IC 13–7–10.2–1 (emphasis supplied). Other provisions of the Character Law require "applicants" to provide certain information and allows the Department to take various actions on the basis of that information. IC 13–7–10.2–3 and –4.

Nothing in the statutory language even hints that it is to be applied retroactively to

---

tive application of the Character Law. The trial court made no ruling on the constitutionality of the Character Law, and no such issue is before us.

**3.** We also cannot agree with the Department's argument that it was inappropriate for the trial court to issue findings of facts and conclusions of law. The trial court's careful reflection of

the context in which the question presented arose has been most helpful. While the Department may quibble over some of the facts mentioned by the trial court, its sifting of the dross has facilitated appellate review. *See Jenkins v. Nebo Properties, Inc.* (1982), Ind.App., 439 N.E.2d 686, *trans. denied.*

applications for permits pending when it became effective. The Department's arguments that the legislature intended the law to apply retroactively because an emergency was declared and the law became effective upon enactment are unsupported by authority or logic.

As Chemical aptly reminds us, generally applicants have a right to have their applications considered in accordance with the laws in effect when the application is made. *See Knutson v. State ex rel. Seberger* (1959), 239 Ind. 656, 160 N.E.2d 200; *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829; *Board of Zoning Appeals v. Shell Oil Co.* (1975), 164 Ind.App. 497, 329 N.E.2d 636, *trans. denied.*

More conclusive evidence that the legislature did not intend for the Character Law to be applied retroactively is found by examining the legislature's other enactments on the same day the Character Law was passed. The legislature enacted P.L. 107–1990, which amended another provision in the state's environmental legislative scheme and added IC 13–7–22–2 (hereinafter referred to as the financial statement law). The financial statement law requires applicants for permits to construct or operate landfills to make certain financial disclosures. The law provides: "As used in this section, 'applicant' means an individual, a corporation, a partnership, or a business association that *applies* for an original permit for the construction or operation of a landfill." IC 13–7–22–2(a) (1992) (emphasis supplied).

The financial statement law also contained an uncodified application provision which provides for retroactive application:

"SECTION 3. This act applies to:

(1) a permit application that is filed on or after the effective date of this act;

(2) a permit application that was filed before the effective date of this act but was not granted or denied by the commissioner of the department of environmental management before the effective date of this act; and

(3) a permit application that was filed before the effective date of this act and that was granted by the commissioner of the department of environmental management before the effective date of this act if the commissioner's action in granting the permit was appealed to the solid waste management board and that appeal is pending on the effective date of this act."

P.L. 107–1990 § 3. An emergency was also declared to exist and the financial statement law was effective upon passage.

This uncodified application clause is precisely the type of expression required to put a statute into reverse. The presence of this clause, in legislation passed on the same day and with regard to the same general subject matter and with an almost identical definition of "applicant" as the Character Law, and the conspicuous absence of any similar provision in the Character Law, leaves us with no doubt that the General Assembly did not intend for the Character Law to be applied to permit applications pending on the effective date of the act.

Thus the trial court properly applied the general rule of law and determined that the Character Law could not be retroactively applied to Chemical's application which had long been pending when the law went into effect. As there were no genuine issues of material fact, the trial court's entry of partial summary judgment in favor of Chemical was appropriate.

Judgment affirmed.

SHIELDS and STATON, JJ., concur.